OPINION OF THE COURT
Antonio Figueroa, J.
The defendant was arrested on July 13, 1978. He appeared before the court on a felony complaint, Docket No. X822678, charging him with violations of sections 120.25, 205.30, 170.70 and 140.35 of the Penal Law. A preliminary hearing was conducted on September 18, 1978, resulting in the reduction of the felony charges to misdemeanor level and the retention of all initial misdemeanor charges.
On April 24, 1979, the defendant filed an omnibus motion which included a motion to dismiss Docket No. X822678, with the reduced and retained misdemeanor charges of sections 120.00, 205.30, 170.20 and 140.35 of the Penal Law, pursuant to CPL 170.30 (subd 1, par [e]), for failure to grant him a speedy trial within the meaning of the applicable provisions of CPL 30.30. This prosecutors’ readiness rule defines a time matrix, depending on a constellation of variables, in which the People must be prepared for trial.
On May 24, 1979, the People filed an information. Between July 13, 1978 and April 24, 1979 numerous adjournments occurred. Several of these postponements were attributable to the defendant, others to the prosecution, and some unattributable due to the incompleteness of the defense’s, People’s and court’s records.
CPL 30.30 mandates a literal construction "in favor of the defendant.” (People v Wrightstone, 88 Misc 2d 824, 828.) The allegation of actual prejudice to the defendant flowing from the delay is neither necessary nor pertinent to a statutory CPL 30.30 determination. (People v Hamilton, 46 NY2d 932, 933; People v Saunders, 84 Misc 2d 467.) In addition, the *507 defendant need not express his readiness to proceed to trial. (People v Hamilton, supra.) The gravamen of defendant’s argument is quite simply that the People were never procedurally prepared for trial within the mandatory time periods because the office of the District Attorney had failed to file a sufficient accusatory instrument as a predicate for prosecution.
An analysis of the issue in this case rests squarely in the procedural framework created by the interplay of CPL 100.10 (subd 1), 170.65, 180.50 (subd 3) and 30.30.
CPL 100.10 defines the substance, function and limitation of a misdemeanor complaint which was essentially the status of the felony complaint subsequent to the preliminary hearing. A misdemeanor complaint is not designed to support the basis of an actual prosecution unless the defendant knowingly consents to this procedure. At the preliminary hearing the defendant specifically did not waive his statutory right to prosecution by information and so instructed the court.
Indeed, in the absence of a valid waiver of prosecution by information, a defendant need not even plead to a misdemeanor complaint. The statutory source of defendant’s right to compel the State to proceed by information is found in CPL 100.10 and 170.65 (subd 1). (See People v Weinberg, 34 NY2d 429.)
Crucial distinctions may exist between a misdemeanor complaint and an information. The former, for example, may include hearsay allegations. The function of an information is to provide to the defendant adequate notice of the alleged crime enabling the preparation of a defense and to define carefully the offense charged to preclude reprosecution. (People v McGuire, 5 NY2d 523.)
CPL 180.50 (subd 3) delineates the three legislatively prescribed methods to convert a misdemeanor complaint which originated as a felony complaint to an information. The twin modalities pertinent to the case at bar are (1) an instruction by the Judge to the People to file an information CPL 180.50 (subd 3, par [a], cl [i]) and (2) the conversion by the Judge at the hearing of the complaint into an information provided the former is prima facie sufficient to constitute a valid information. (CPL 180.50, subd 3, par [a], cl [iii].) The defense concedes the complaint did not contain hearsay and could have undergone an immediate transformation.
The People argue that the complaint was a priori meta *508 morphosed into an information at the preliminary hearing. The Assistant District Attorney seizes on the phrase "is deemed to have been converted” evidenced in CPL 170.65 (subd 1). This phrase is ambiguous. It does not define on its face the necessity of an actor, i.e., a Judge, to activate the conversion process. The People would have us believe that the transformation assumes a mystical dimension. CPL 170.65 (subd 1) also does not directly deal with the conversion of a felony complaint but rather with the statutory prerogative of the defendant to plead only to an information or to waive prosecution by information and permit the People to advance on the basis of a complaint. Naturally, if the waiver had occurred the complaint "is deemed” an information pursuant to CPL 340.10.
Therefore CPL 170.65 (subd 1) must be read in the context of CPL 180.50 (subd 3). Only then is the legislative and statutory scheme crystalline. CPL 180.50 (subd 3) specifically addresses the modes of conversion of a felony complaint to an information and defines three mechanisms. CPL 180.50 (subd 3, par [a], cl [iii]) indicates the court may convert the complaint by appropriate notation and change on the instrument. This clause implicitly presupposes an active and conscious conversion by the Judge. At the preliminary hearing the Judge did not undertake this action. Although CPL 170.65 (subd 1) merely states the complaint "is deemed” converted, read in conjunction with CPL 180.50 (subd 3, par [a], cl [iii]) the transformation is not automatic, assuming the sufficiency of the underlying accusatory instrument, but must be actively initiated by the court.
To hold otherwise would permit CPL 170.65 (subd 1) to render CPL 180.50 (subd 3) a virtual nullity in this type of situation and deny a Judge the options provided by the latter section. The three alternative mechanisms of conversion would have no impact since a sufficient complaint, irrespective of a Judge’s order to the People to file an information, is already deemed converted. Apart from creating statutory incoherence, this construction would severely delimit the discretion the Legislature intended a Judge to possess in passing CPL 180.50 (subd 3).
Additionally, at the preliminary hearing the Judge unequivocally instructed the People to file an information pursuant to CPL 180.50 (subd 3, par [a], cl [i]). The People apparently ignored this directive until May 24, 1979. The People are now *509 urging this court to accept a convoluted analysis of a statutory scheme that would seriously detract from the logical thrust of the sections in question, and to condone, if not rationalize and excuse, a refusal to heed the order of a sitting Judge.
Finally this court must address the impact of the procedural defect on defendant’s CPL 30.30 motion. CPL 30.30 (subd 5, par [c]) states that the People must be ready for trial within a maximum period of six months, dating from the filing of the initial accusatory instrument, after deducting all appropriate nonattributable time periods.
Since a defendant is entitled to prosecution by information, it is axiomatic that in the absence of a proper filing or valid waiver the People are de facto not prepared to go to trial.
The People argue that the delays in the proceedings occasioned by the defense are integral periods to be deducted in calculating the expiration of the six months’ limitation. This position is untenable. Not one delay conceivably affected the possibility of a proper filing. The act of filing is a distinct and discrete function that does not relate to the defendant’s presence at, absence from, or desire to postpone the judicial proceedings. If the prosecution had filed the information on a date preceding the motion under consideration this court would then have followed the language of CPL 30.30 (subd 5, par [c]) and subtracted delays attributable to the defendant in determining the appropriate six months’ period.
In People v Sturgis (38 NY2d 625), the Court of Appeals held time during which the District Attorney failed to secure an indictment strictly chargeable to the People despite the presence of pending bench warrants on the defendant. The court reasoned that the fugitive status of the defendant did not preclude an indictment. The defendant, after all, had no desire to testify before the Grand Jury. This case is analogous. An information is merely the misdemeanor equivalent of an indictment. The status of the defendant did not preclude a proper filing, which involves only a ministerial act by the office of the District Attorney, and therefore there are no time periods to subtract in the calculation of the six months’ time frame. July 13, 1978 is the date of the initial accusatory instrument. The motion to dismiss is dated April 24, 1979. A nine months’ period has elapsed.
Because the People exceeded the statutory six months’ period allowance, the court grants defendant’s motion to *510 dismiss all charges pertaining to the docket on the grounds of denial of the right to a speedy trial.