OPINION OF THE COURT
Anita Florio, J.
The defendants were arraigned on January 31, 1979 on an accusatory instrument which alleged misdemeanor violations of the Penal Law. Robert Gittens was charged with tampering *310 with a witness (Penal Law, § 215.10), harassment (Penal Law, § 240.25), and obstruction of governmental administration (Penal Law, § 195.05). Willard Gittens, in addition to the above charges, was accused of menacing (Penal Law, § 120.15) and possession of a dangerous weapon (an umbrella) (Penal Law, § 265.01). On January 16, 1980, defense moved pursuant to CPL 170.30 (subd 1, par [d]) for dismissal of all charges for failure to grant a speedy trial within the meaning of the applicable provisions of CPL 30.30. The motion is denied in toto.
The gravaman of defendant’s argument consists of two interrelated elements. The first component is that prosecution by information was not waived and that the People failed to file timely a proper accusatory instrument which is the sine qua non for proceeding to trial. The second component is that in excess of 90 days has elapsed from the date of the initial accusatory instrument during which the People were de facto procedurally incapable of announcing readiness for trial and therefore CPL 30.30 (subd 1, par [b]) mandates dismissal of all charges. The defense relies on the well-reasoned opinion of People v Ryff (100 Misc 2d 505) to reinforce its analysis.
The defense’s theory is essentially a fabric woven of gossamer thread that upon close examination begins to unravel. The posture of the defense that a defendant has a statutory entitlement to prosecution by information, unless waived, is beyond cavil. (People v Weinberg, 34 NY2d 429; CPL 100.10, subds 1, 4.) However, the initial accusatory instrument filed in this case at all times comported with the statutory requirements of an information. The instrument did not contain hearsay (CPL 100.40, subd 1, par [c]), and did contain a factual pattern of sufficient particularity which, if true, supports the allegations (CPL 100.15, subd 3). In addition, the instrument fulfilled the requirements of a valid information delineated throughout CPL article 100 which this court need not repeat.
The charges were drawn on form M-l 100 M-115082 (77) utilized by the District Attorney to reflect either a misdemeanor complaint or an information. The lower right corner of this form contains two boxes. One is denominated “misdemeanor complaint” and the second “misdemeanor information”. The District Attorney in the complaint room neglected to check either designated space. This failure unfortunately reflects a sloppy and unprofessional attitude and procedure which the Bench urges that office to remedy. However this *311 court will not hold that this administrative failure renders an otherwise valid information void and thereby celebrate strict compliance with form over substance. In this case to determine the failure to supply a check mark nullifies the legal ramifications of the content of the instrument is to create a straw man.
Since the instrument at its inception was a valid information and is a viable basis for prosecution, the defendant’s vigorously argued theory that he did not waive prosecution by information is without merit. At the juncture of the filing, an information was extant, and hence nothing existed to waive.
The defendant’s statement in his moving papers that on June 4, 1979 before Judge Kidder he "expressly” did not waive prosecution by information is not only irrelevant but not exactly accurate. The transcript of the proceeding before Judge Kidder indicates the defense attorney stated he would not "waive anything that might read differently.” This statement is not "express” and at most is equivocal. However this court firmly subscribes to the notion that a waiver must be conscious and knowing. If the instrument in this case had been defective, and the issue is outcome determinative, the result would be different.
Although Ryff (100 Misc 2d 505, supra) created talismanic guideposts in a previously unexplored area of the law, defense counsel’s reliance on that case is misplaced. Quite simply Ryff (supra) is inapposite to the case at bar. The holding in Ryff was predicated on an accusatory instrument which was a felony complaint. Upon reduction, creating new charges, the instrument was not timely converted to a sufficient basis for prosecution pursuant to CPL 180.50. In the absence of a waiver or proper filing, the People were not ready to proceed within the time limits prescribed by CPL 30.30 (subd 5, par [c]). In the case currently before the court, the initial instrument was an information; a conversion and new filing was unnecessary.
Therefore in calculating the appropriate time periods under CPL 30.30, the People must be ready for trial within 90 days of January 31, 1979. With two possible exceptions all adjournments were on consent or attributable to the defense and therefore excludable under CPL 30.30 (subd 4, par [b]). The two possible exceptions are an adjournment from September 20, 1979 to October 5, 1979 (15 days) and January 31, 1979 to March 1, 1979 (28 days). Even charging these 43 days to the *312 People, the District Attorney has 47 remaining days to announce readiness to proceed.