OPINION OF THE COURT
Martin Schneier, J.
This is a motion by the defendant for an order dismissing the complaint on the ground that he has been denied a speedy trial pursuant to CPL 30.30 and the United States Constitution.
The defendant was arrested on March 22, 1979. He was charged with grand larceny of a vehicle, criminal possession of stolen property and unauthorized use of a vehicle.
A chronology of the case is as follows: The defendant was arraigned on a felony complaint in criminal court on March 23, 1979 and bail was set at $250. The case was adjourned to April 11, 1979. On March 25, 1979 the defendant deposited with the Department of Correction the sum of $250 and he was released from custody. On April 4, 1979 the defendant was arrested and then arraigned on April 15, 1979 on charges arising out of a wholly unrelated incident, and as he could not post bail, he was incarcerated. The defendant did not appear in this court on April 11, 1979, as he was still incarcerated in connection with the April 4th arrest, and a bench warrant was ordered by the court. On May 22, 1979 the defendant entered a plea of guilty to the charges stemming from his April 4th arrest, was sentenced to time served and was released. On June 5, 1979 a warrant squad officer searched for the defendant in and around the home address given by him at the time of his arrest and followed a lead to another address in an unsuccessful search for the defendant. On November 15, 1979 the defendant was arrested on this court’s warrant and was brought before the court. The warrant was vacated, the defendant was paroled and this case was adjourned to November 30, 1979. On November 30, 1979 the felony complaint was reduced to a misdemeanor complaint and this case was adjourned at the request of the People to December 18, 1979. On December 18, 1979 this case was adjourned at the request of the defendant to January 9, 1980. On January 9, 1980 the defendant made the instant motion.
THE LAW
CPL 30.30 requires a motion to dismiss be granted (under *642 CPL 170.30) where the People are not ready for trial within six months of the commencement of the criminal action where the defendant is accused of a felony and 90 days of commencement where the defendant is accused of a misdemeanor, but if the defendant is initially accused of a felony which is later reduced to a misdemeanor, the total time from the commencement of the felony action to the trial on the misdemeanor may not exceed six months. Delays chargeable to the defendant are excluded from the time of computation.
A criminal action commences with the filing of the accusatory instrument, and in this case it is the felony complaint (CPL 1.20, 100.05). Therefore, the time period with which we are concerned is the time from the filing of the felony complaint on March 23, 1979 to the date of the instant motion on January 9, 1980. This constitutes a period of nine months and 17 days. However, a dismissal is not automatic because the delay exceeds six months.
Even if we assume that all the court adjournments and the period of defendant’s incarceration is time charged against the People, the time period is less than six months. This is because the time period from the date the warrant was outstanding and the defendant was not incarcerated on May 22, 1979 to the date of the defendant’s arrest under the warrant on November 15, 1979 is a period of five months and 24 days while the total delay here is nine months and 17 days. Therefore, the determinative question here is whether this time period of five months and 24 days is chargeable to the defendant and thus, excluded from the time computation.
CPL 30.30 excludes delay resulting from the defendant’s absence where his location cannot be determined by due diligence. (People v Manley, 63 AD2d 988.) The visit by a warrant officer to defendant’s place of residence as well as to another location demonstrates due diligence by the People. Therefore, this time period is chargeable to the defendant and excluded from the time computation.
Dismissal for lack of a speedy trial under the United States Constitution has long been recognized as generally less stringent than the New York State legislative limitations. (People ex rel. Franklin v Warden, Brooklyn House of Detention for Men, 31 NY2d 498; People v Ganci, 27 NY2d 418, cert den 402 US 924.) In Barker v Wingo (407 US 514) the United States Supreme Court sets forth the four factors to be considered in determining whether the defendant has been deprived *643 of his right to a speedy trial: (1) length of delay, (2) reason for delay; (3) claim of right; and (4) prejudice to the defendant. Here there is a relatively short delay, no claimed prejudice to the defendant and the other factors are not shown to be applicable herein.
Accordingly, the defendant’s motion is denied in all respects.
The court, sua sponte, upon its own motion, examined the court papers and found that the complaint has never been converted to an information as is required by CPL 170.65 (subd 1).
CPL 170.65 (subd 1) requires that with reference to a misdemeanor complaint, "[f]or purposes of prosecution, such instrument must * * * be replaced by an information”. (Italics supplied.)
Here defendant never waived his right to be prosecuted by an information. Thus, the People as of this date are not ready to proceed to trial since the misdemeanor complaint has not been replaced by an information.
When must the People convert the complaint into an information? There is no time period set forth in the statute. This question seems to be one of first impression as the court cannot find any authority determinative of this issue.
In order to make this determination it is important to discuss the function of the complaint.
In People v Weinberg (34 NY2d 429, 431) the Court of Appeals describes the misdemeanor complaint in the following manner: "The misdemeanor complaint is an accusatory instrument filed with a local criminal court charging a person with a crime. (CPL 100.10.) It serves merely as the basis for commencement of a criminal action, permitting court arraignment and temporary control over the defendant’s person where there is as yet no prima facie case. However, it is not designed for prosecution purposes and a defendant is not required to plead to a misdemeanor complaint and cannot be tried thereon unless he consents. (CPL 170.65, subds. 1, 3.) By statute, a defendant has the right to be prosecuted by information. (CPL 100.10, subd. 1; 170.65, subd. 1.) The right is substantial and takes into account a fundamental difference between these accusatory instruments — i.e., that a misdemeanor complaint may rest on hearsay allegations while an information may not. (CPL 100.40 subd. 1, 4.)”
*644 The People could have converted the misdemeanor complaint to an information by merely filing a supporting deposition which would supplement the complaint and then these instruments taken together would satisfy the requirements for a valid information (CPL 170.65, subd 1).
The filing of the aforesaid supporting deposition involves only a ministerial act by the prosecution and could have been done at any time, even in the absence of the defendant. See People v Sturgis (38 NY2d 625) where the Court of Appeals held that the fugitive status of the defendant does not prevent the People from obtaining an indictment and thus charged this time period to the People despite the fact that there were outstanding bench warrants against the defendant. "An information is merely the misdemeanor equivalent of an indictment.” (People v Ryff, 100 Misc 2d 505, 509.)
It has been more than one year since the arraignment of the defendant and there is still no information filed.
This court interprets CPL 170.65 (subd 1) to require the replacing of the complaint by an information within a reasonable time period after arraignment. Here, the lapse of more than one year from the date of arraignment to the present time without having the complaint replaced by an information is far beyond a reasonable time as measured by any standard, considering that CPL 30.30 (subd 1) requires that the People must be ready for trial on a felony within six months.
Accordingly, the misdemeanor complaint is dismissed.