OPINION OF THE COURT
Michael L. Pesce, J.
These three dockets, all motions to dismiss for want of a speedy trial, are the first of many cases whose outcomes turn upon the interpretation given to the case of People v Colon (110 Misc 2d 917, revd 112 Misc 2d 790, revd 59 NY2d 921). In Colon, the Court of Appeals upheld the Criminal Court position that the People’s failure to convert a misdemeanor complaint to an information within the trial readiness limits set forth by CPL 30.30 would be *977 charged against them. Violation of these limits mandated dismissal of the case, unless the People were “excused from those deadlines” by the terms of the statute (110 Misc 2d, at p 921). Relying on the principles of People v Sturgis (38 NY2d 625), the court held (p 921) that the periods of time specifically excluded by subdivision 4 of the statute were not to be subtracted unless those events caused the People’s preparation of their case to be delayed. The District Attorney’s office, as well as the numerous defendants potentially affected by this rule, now await the next step in its implementation, i.e., whether this principle is to be applied retroactively or merely prospectively.
I
FACTS
The three cases decided today involved protracted delays in the filing of the supporting depositions required to convert a misdemeanor complaint to a jurisdictionally sufficient instrument. (See CPL 170.65, subd 2.) In the case of the first defendant, John Arimont, no supporting deposition has ever been filed. Arimont, charged initially with felony assault and possession of a weapon, was arraigned on October 10, 1982, and the charges were finally reduced to misdemeanor status on January 5, 1983. Based on the rules set forth in CPL 30.30 (subd 1, par [b]; subd 5, par [c]), the period allowed the People for bringing the case to trial was 90 days from the reduction of the charges (Jan. 5).[1] A total of 133 days elapsed from that point to the date of this motion, far in excess of statutory limits.
The second defendant, John Hamilton, was initially arraigned on a misdemeanor complaint on November 3, 1982. After a long series of adjournments most of which were granted for the defense to serve motions, a supporting *978 deposition was filed by the People on April 7, 1983. This task took them 155 days, far in excess of the statutory limit of 90 days. (The People’s dilemma herein is slightly different than in the other cases decided today, inasmuch as a large portion of the time elapsed might otherwise be excludable if the rule in Colon [supra] were not applied on a retroactive basis.)
In the third case, defendant Cooper was arraigned on a felony complaint on February 3, 1983. The charges were reduced to misdemeanor status on February 8. As of July 22, 1983, the date of this motion to dismiss, no supporting deposition had been filed, although 170 days had elapsed. The complaint was finally converted to an information on August 1, 181 days after speedy trial time began to run. (As in its two companion cases, the outcome of this motion depends upon how the rule enunciated in Colon [59 NY2d 921, supra] is applied.)
II
THE LAW
Reversals and modifications of existing principles of law have often led the United States Supreme Court to consider their prospective or retroactive application. Since its 1965 decision in Linkletter v Walker (381 US 618, 629), in which the Supreme Court concluded “that the Constitution neither prohibits nor requires” retroactive application of changing rules, the courts have attempted to organize an otherwise confusing array of cases into a number of general principles. In a recent decision, the court outlined the manner in which new rules of constitutional or statutory interpretation would be applied. United States v Johnson (457 US 537) designated three categories of cases where retroactivity might be in issue. First, in cases where the court (supra, p 549) “merely * * * applied settled precedents to new and different factual situations”, rules set forth in those cases would be applied retroactively. The same result would occur when the court determined (supra, p 550) “that a trial court lacked authority to convict or punish a criminal defendant in the first place”, in which case retro-activity merely recognizes that any earlier prosecution or sentence was a nullity. It is only where the court has “expressly declared a rule of criminal procedure to be ‘a *979 clear break with the past’ ” that its application will be prospective (supra, p 549, citing Desist v United States, 394 US 244). All three cases before this court present the singular issue of whether the Colon decision is a “clear and unanticipated break with past law”.
The People argue strenuously that it is, in fact, an unexpected development. Such argument is based on their claim that no cases existed on an appellate level automatically charging to the People the time they require to obtain a supporting deposition. The past decisions of the Appellate Term, both First and Second Departments, they note, had afforded the People a “reasonable time” within which to convert the misdemeanor complaint to an information, reasoning that a failure to convert did not necessarily impede the People’s ability to prepare for trial. (See People v Callender, 112 Misc 2d 28; People v Jared, NYLJ, July 9,1981, p 11, col 5, lv to opp den 54 NY2d 763 [Wachtler, J.l; and the Appellate Term decision in People v Colon, 112 Misc 2d 790, supra.) The Second Department in Jared, in fact, specifically declined to follow the rule of People v Ryff (100 Misc 2d 505). In Ryff, it was held that the excludable periods set out in CPL 30.30 (subd 4) could not be applied if conversion had not occurred within speedy trial limits, as the People could not be ready for trial as a matter of law. The People submit that they properly relied upon the law as it had been shaped by appellate decisions. In all fairness, they claim, the new standard set forth by the Court of Appeals in Colon (supra) should be considered a clear break with precedent and applied prospectively. The defendants argue that the decision in Colon (supra) was merely an application of the principles set forth in People v Sturgis (38 NY2d 625, supra). In that landmark case, the Court of Appeals declined to exclude the period of defendant’s absence where the People had. not obtained an indictment within the six-month statutory period in which they must declare their readiness to try a felony. The court was of the belief that, as the defendant’s absence had not affected their ability to indict, the People could not use it to excuse the delay. The position of the defendants in the cases at bar is that, in Colon, the Court of Appeals merely addressed the same question with regard to misdemeanors as was *980 addressed in Sturgis for a felony. They argue that the Court of Appeals in Colon applied the same reasoning in reinstating the Criminal Court dismissal, noting that the Colon court cited Sturgis as precedent.
Ill
court’s opinion
After thorough consideration, it is the opinion of this court that the rule set forth in People v Colon (59 NY2d 921, supra) does not represent a “clear and unanticipated break with past law” in the area involving a defendant’s right to a speedy trial.[2] It is more properly characterized as the next logical step in the trend toward holding the People more strictly responsible for fulfilling their obligations as prosecutors, particularly where the tasks they are to complete are administrative in nature and solely within their control. In the cases at bar, the adjournments, whether granted for service of motions or for any other reason, did not in any way affect the People’s ability to obtain supporting depositions. Moreover, the People have not alleged any exceptional circumstances which might excuse or justify their extensive delays in doing so.
This court is also guided by prior case law. As noted before, it appears that the only Second Department case on the issue is People v Jared (NYLJ, July 9, 1981, p 11, col 5, supra), in which the People’s position was upheld. However, the reasoning employed by the court therein was the same as that used by the Appellate Term in Colon (112 Misc 2d 790, supra). On that basis, it is the opinion of this court that Jared (supra) would also have been reversed on appeal, and, in light of the reversal of Colon, its value as precedent is diminished. The Appellate Term, First Department, on the other hand, has already spoken to the issue, applying Colon retroactively in affirming four orders entered long before Colon was decided by the Court of Appeals. (See People v McLaughlie, People v Hill, People v Smith, People v Thompson, NYLJ, July 26,1983, p 5, col 1.) This court arrives at the same conclusion even after full consideration of the effect the decision has on the People *981 and the burden it imposes on the District Attorney’s office. This court is nonetheless bound to follow precedents, and holds that People v Colon (supra) is to be applied retroactively.
IV
CONCLUSION
Turning to the cases at bar, this court finds that all three must be dismissed. No supporting deposition has ever been filed in the case of defendant Arimont, more than 133 days after arraignment. In the case of defendant Hamilton, 155 days elapsed until the required deposition was obtained. Finally, in defendant Cooper’s case, a full 164 days elapsed as of the date of his speedy trial motion, and 174 had passed when the deposition was finally served. In each case the delay is unrelated to adjournments or any acts of the defendants. The filing of the supporting deposition is a completely independent function (see People v Ryff, 100 Misc 2d 505, 509, supra), and not having done so within statutory limits, the People as a matter of law were not ready for trial.
The defendants’ motions are granted and the cases dismissed.

. When a felony complaint is replaced by an information, the 90-day rule set forth in CPL 30.30 (subd 1, par |b[) applies — with one exception. The time already elapsed between the filing of each instrument (i.e., the felony and misdemeanor complaints) must be “tacked on” to the 90 days allotted for trying a misdemeanor. If this total period, reduced by any excludable time under CPL 30.30 (subd 4), exceeds six months, then the 90-day period does not apply and the People must be ready within six months. (CPL 30.30, subd 5, par [cl; see People v Osgood, 52 NY2d 37.) In Arimont’s case, the felony complaint was filed on October 10, 1982 and the charges reduced on January 5, 1983. When these 87 days are added to the 90 allotted for trying a misdemeanor, the total comes to 177 days, just barely within the outside limit of six months. Under CPL 30.30 (subd 5, par [c]), then, the People were required to be ready within 90 days.

. Certainly the existence of the earlier Colon and Ryff opinions, while “only” Criminal Court decisions, should have given the People notice of a different approach to interpreting the speedy trial statute.