OPINION OF THE COURT
Herbert Altman, J.
The defendant has moved to dismiss the complaint on the ground he has been denied his right to a speedy trial pursuant to the provisions of CPL 30.30. His motion is two-pronged. He asserts both that all periods of delay from the arraignment to the date of the making of the instant motion are chargeable to the People because of their failure to convert the complaint to an information and that, if such argument is found meritless, the periods of delay attributable to the People have exceeded those permitted by statute. The question whether all of the time which runs from arraignment to the "conversion” of a misdemeanor complaint to a misdemeanor information is chargeable to the People is a serious one with potential dramatic effect upon the workings of local criminal courts.
The defendant was arraigned on a felony complaint in the Criminal Court on February 23, 1979. On June 29, 1979 the felony complaint was converted to a misdemeanor complaint on the motion of the People, presumably in accordance with the dictates of CPL 180.50 (subd 3, par [a], cl [iii]). On November 8, 1979, when the People answered that they were ready for trial, the instant motion was made.
IS ALL TIME PRIOR TO CONVERSION CHARGEABLE TO THE PEOPLE AS A MATTER OF LAW?
In People v Sturgis (38 NY2d 625) the issue to be decided was whether a period of slightly more than three months, during which defendant was absent from court, was properly an excludable period within the meaning of CPL 30.30. A felony complaint had been lodged against the defendant on April 2, 1973 in the City Court of Rochester. The defendant was voluntarily absent from August 18 to November 26, 1973. He was indicted on November 2, 1973 and the case was moved to the Trial Calendar on January 23, 1974.
The Court of Appeals noted that CPL 30.30 (subd 4, par [c]) excludes periods of delay resulting from a defendant’s absence or unavailability. However, it stressed that, in order to be excludable, more is required than mere absence or unavail *960 ability; delay must result therefrom or the period of absence will nevertheless be charged to the People. The court held that the failure to indict was in no way attributable to the defendant’s absence or unavailability and charged all time from the arraignment until the case was moved to the Trial Calendar to the People, save for a total of 13 days representing an adjournment at the defendant’s request and a period of time "during which a Judge * * * retained all papers pertaining to the action”. (People v Sturgis, supra, p 627.)[1] The Sturgis case therefore stands for the proposition that, in order for time to be excludable as resulting from the defendant’s conduct, such conduct must have contributed to the failure of the People to answer that they were ready for trial (see People v Hamilton, 46 NY2d 932).
The defendant’s position that all time which elapsed from the commencement of the prosecution until the conversion from a misdemeanor complaint to a misdemeanor information is chargeable to the People finds support in People v Rylf (100 Misc 2d 505).
In Ryff, the defendant was arraigned on a felony complaint in July, 1978. At the conclusion of a preliminary hearing in September, 1978, the accusatory instrument was converted to a misdemeanor complaint and the People were directed to file a prosecutor’s information. That direction was ignored until May, 1979. On the hearing of defendant’s motion to dismiss pursuant to CPL 30.30 the People asked to have those delays in the proceeding occasioned by the defense excluded from the time within which the People had to be ready for trial. That request was denied on the ground that such delays had not affected the ability of the People to convert the complaint to an information. The court held: "In People v Sturgis (38 NY2d 625) * * * the Court of Appeals held time during which the District Attorney failed to secure an indictment strictly chargeable to the People despite the presence of pending bench warrants on the defendant. The court reasoned that the fugitive status of the defendant did not preclude an indictment. The defendant, after all, had no desire to testify before the Grand Jury. This case is analogous. An information is merely the misdemeanor equivalent of an indictment. The status of the defendant did not preclude a proper filing, which *961 involves only a ministerial act by the office of the District Attorney, and therefore there are no time periods to subtract in the calculation of the six months’ time frame. July 13, 1978 is the date of the initial accusatory instrument. The motion to dismiss is dated April 24, 1979. A nine-months’ period has elapsed.” (People v Ryff, supra, p 509.)
I am constrained to disagree with the holding in Ryff. It appears that the reliance in that case upon the Sturgis holding was misplaced for several reasons. At the outset, I note that Sturgis itself specifically excluded from the CPL 30.30 computation the time attributable to defense motions even though it did not appear that such motions precluded the People from presenting the case to the Grand Jury. More important, however, is the distinction which must be made between the nature of an indictment and a misdemeanor information.
An indictment filed by a Grand Jury is the only method of prosecuting an offense in a superior court, save for a prosecution based upon a prosecutor’s information following a defendant’s waiver of indictment (CPL 210.05; art 195). Therefore, without a waiver by a defendant, the Supreme Court does not acquire jurisdiction over a felony case until there has been a Grand Jury indictment.
An action may be commenced in a local criminal court by means of an information or a complaint (CPL 100.10). In order for a misdemeanor information or misdemeanor complaint to be sufficient on its face, the allegations of the factual portion thereof must provide reasonable cause to believe that the defendant committed the offense charged. However, with regard to informations, such allegations must be in nonhearsay form (CPL 100.40). A misdemeanor complaint is deemed to have been converted to a misdemeanor information when supplemented by supporting depositions which satisfy the "nonhearsay” requirements of a misdemeanor information (CPL 170.65). A person arraigned upon a misdemeanor complaint has the right to be prosecuted upon a misdemeanor information unless that right is waived (CPL 170.65, 100.10, subd 4; People v Weinberg, 34 NY2d 429).
In Sturgis a felony complaint was pending in a local criminal court. Until an indictment was returned and the case placed on the calendar in the appropriate superior criminal court, the People could not have answered that they were ready for trial. The defendant’s absence did not in any way *962 impair the ability of the People to seek an indictment so as to get the case ready for trial.
Here, however, the situation was significantly different. The action was pending in the proper court. All that was required for the People to answer that they were ready for trial on a misdemeanor information was to have a proper supporting deposition, thereby converting the accusatory instrument into a nonhearsay instrument. The case law indicates that the conversion from a misdemeanor information to a misdemeanor complaint should take place "a reasonable time before trial” (People v Alberi, NYLJ, Nov. 30, 1979, p 13, col 3), or the day prior to trial (see People v De Feo, 77 Misc 2d 523, 524; People v Zagorsky, 73 Misc 2d 420, 425; People v Gutterson, 93 Misc 2d 1105). Further, the time within which a defendant may make pretrial motions runs from the arraignment regardless of whether the accusatory instrument is a misdemeanor information or misdemeanor complaint (see CPL art 255).
It is therefore clear that the statutory pattern contemplates that a misdemeanor action is to proceed in its pretrial stages in the same fashion regardless of whether the accusatory instrument is an information or a complaint. The requirement to convert is one which can be met at a point in time close to the trial. It thus appears the failure of the People to convert at an earlier date did not in any way contribute to the delay and, unlike the facts in Sturgis, did not impede their ability to answer ready for trial as soon as pretrial motions were completed. Accordingly, I hold that the failure to convert from a misdemeanor complaint to a misdemeanor information did not mean that adjournments at the defense request or for defense motions did not contribute to the period of delay. Defendant’s contention that, as a matter of law, all time is includable within the meaning of CPL 30.30 from arraignment to the filing of a misdemeanor information, regardless of the reason for the delay, is rejected.
DID THE INCLUDABLE TIME IN THIS CASE EXCEED THE CPL 30.30 LIMITATIONS?
The parties are agreed that the applicable time limitations are as follows: 90 days from the conversion of the felony complaint until the People were ready for trial, but in any event no more than six months from the filing of the felony *963 complaint until the People were ready for trial (see discussion of these limitations in People v Fulcher, 97 Misc 2d 239).
A total of 257 days elapsed from the filing of the felony complaint until the People were ready for trial, 126 days having elapsed prior to the conversion to a misdemeanor complaint on June 29, 1979 and 131 days having elapsed thereafter. After a review of the court papers, I find that the People are chargeable with 23 days*
[2] (Feb. 23 to March 19) prior to conversion and 49 days thereafter (Sept. 18 to Nov. 8). The balance of the delay was attributable to the illness of defense counsel, assignment of new counsel, the absence of the defendant, the engagements of defense counsel elsewhere, and the making of defense motions.
As less than six months of includable time elapsed from the filing of the felony complaint until the People were ready and less than 90 days of includable time elapsed from the time of the conversion to a misdemeanor complaint until the People were ready, defendant’s motion is denied.[3]

. It is noteworthy that such periods were regarded as excludable even though they occurred prior to indictment and did not appear to have prevented the People from obtaining an indictment.

.1 note that CPL 30.30 (subd 4, par [f]) excludes periods when defendant is without counsel through no fault of the court. On March 21 the case was adjourned to April
11 for the Appellate Division to assign counsel. On that latter date assigned counsel did not appear. The case was then adjourned to May 1 for the Appellate Division to again assign counsel. Even were the 20-day period from April 11 to May 1 to be regarded as "fault of the court” and thus includable, the total includable time would not exceed that permitted by statute.

. I note that defendant has not alleged denial of his constitutional right to a speedy trial or prejudice. Of course, no such allegations are necessary since the time limitations in CPL 30.30 are not constitutional in nature (see People v Hamilton, 46 NY2d 932, supra; People v Friscia, 70 AD2d 709).