OPINION OF THE COURT
Jeffrey Atlas, J.
The defendant moves to dismiss two complaints, charging him with petit larceny, contending that the People were not ready for trial within 90 days of the commencement of each action (see CPL 30.30, subd 1, par [b]). The defendant also moves to dismiss a third complaint charging him with criminal trespass in the third degree contending that the People were not ready for trial in that case within 60 days of the commencement of the action (see CPL 30.30, subd 1, par [c]). In each case the defendant claims that the People had not met the obligations of CPL 30.30 because the People failed to convert each complaint to an information within the period of readiness prescribed by that section (see CPL 30.30, subd 1, par [b]). Defendant *918 argues that his motion must be granted notwithstanding the fact that, having been served with a desk appearance ticket (DAT) in each case, he failed to appear at the time each DAT was returnable and remained “absent” (as that term is defined by CPL 30.30, subd 4, par [c]) until approximately one month prior to the making of these motions. This opinion is occasioned by the fact that a decision adverse to the People would affect thousands of pending cases commenced, as these were, by the filing of a complaint pursuant to the issuance of a desk appearance ticket.[1]
On March 25, 1979, the defendant, using the name Miguel Angel Colon and an address at East 89th Street in Manhattan, received a desk appearance ticket returnable in the Criminal Court on April 17, 1979. Pursuant to that appearance ticket, on April 17, 1979, under Docket No. N923089, a criminal action was commenced against the defendant by the filing of a complaint which charged the defendant with having committed petit larceny at Gimbels Department Store on March 25,1979. The defendant failed to appear in court on April 17, 1979 and a warrant was issued for his arrest.
On May 27, 1979, the defendant, using the name Rafael Cordero and an address at East 106th Street in Manhattan, received a desk appearance ticket returnable in the Criminal Court on June 12,1979. Pursuant to that appearance ticket on June 12,1979, under Docket No. N935191, a criminal action was commenced against the defendant by the filing of a complaint which charged the defendant with having committed petit larceny at Macy’s Department Store on May 27, 1979. The defendant failed to appear in court on June 12, 1979, and a warrant was issued for his arrest.
Finally, on August 25, 1980, the defendant, using the name Miguel Colon and an address at Woodcrest Avenue *919 in The Bronx, received a desk appearance ticket returnable in the Criminal Court on September 23,1980. Pursuant to this appearance ticket, on September 23, 1980, under Docket No. 0N048742, a criminal action was commenced against the defendant by the filing of a complaint which charged the defendant with having committed criminal trespass in the third degree, at Gimbels Department Store on August 25,1980. The defendant failed to appear in court on September 23, 1980, and a warrant was issued for his arrest.
On December 22,1980, all three warrants were executed and the defendant was returned to court and arraigned on the complaints.
As of January 15, 1981, when defendant first sought to make these motions, each of the complaints had not been converted to an information.
The parties are not in disagreement as to these facts and agree that no factual hearing is necessary.
It is assumed, for the purpose of this motion, that the defendant was “absent” or “unavailable” from court for a period beginning with the commencement of each of the actions and ending December 22, 1980 (see CPL 30.30, subd 4, par [c]). The defendant argues that the People were not ready for trial in each case in the time required by CPL 30.30 and that the delay in the People’s readiness was due, not as the People contend to the defendant’s prolonged absence, but to the People’s failure to convert each complaint to an information within that period. The defendant asserts that the principles of People v Sturgis (38 NY2d 625), which dealt with the application of CPL 30.30 to a felony case, should be applied in these misdemeanor cases. I agree.
People v Sturgis (supra) relies upon the rule that the People can only be ready for trial in a felony case after they have brought about the filing of an accusatory instrument sufficient to confer jurisdiction upon the court to try the defendant.
*920 The rule is no different in misdemeanor cases. The Criminal Court clearly has no jurisdiction to take to trial a defendant who is charged only by a complaint and who has not waived the filing of a sufficient information. (See CPL 1.20, subds 7, 24; 100.10, subd 4; 170.10, subd 4, par [d]; 170.65, subd l.)[2] Without his having provided the court with a basis for exercising such jurisdiction the District Attorney cannot be ready for trial in a misdemeanor case. (See People v Duncan, NY City Crim Ct, No. 1N019074, Aug., 1981, Gartenstein, J.; People v Lee, NY City Crim Ct, No. 0N063517, April, 1981, Eggito, J.; People v Phillips, NYLJ, May 6, 1981, p 11, col 4; People v Ryff, 100 Misc 2d 505, 509, and, for that matter, People v Callender, 101 Misc 2d 958, 962.)
Responsibility to confer upon the Criminal Court jurisdiction to try misdemeanor cases rests squarely upon the shoulders of the District Attorney. Like any other prosecuting litigant in an action of any nature (civil as well as criminal) he must file an accusatory instrument sufficient in its allegations to give the court reason to exercise its jurisdiction.
The existence of CPL 30.30 need not make complex the application of this fundamental and simple concept of litigation. CPL 30.30 simply requires that the People be ready for trial within 90 days of the commencement of a criminal action charging a class A misdemeanor and within 60 days of commencement of a class B misdemeanor action. It is clear in felony matters where readiness must occur within six months of commencement of the criminal action, that, if an accusatory instrument sufficient to confer jurisdiction is not filed within that period, the People are not ready for trial within the period required by CPL 30.30. (See People v Sturgis, 38 NY2d 625, supra.) Applying that principle to misdemeanor cases, it is obvious that the People cannot be ready for trial within 90 days or 60 days of commencement of the actions if they have not converted the complaints to jurisdictionally sufficient in-formations within those periods. (See People v Duncan, *921 supra; People v Lee, supra; People v Phillips, supra; People v Smith, 103 Misc 2d 640; People v Ryff, supra.)[3]
In the case before me the People did not file an information within 60 days of commencement of the trespass action nor did they file informations within 90 days of commencement of the larceny actions and the matters must be dismissed unless the People were excused from those deadlines by CPL 30.30.
The People argue that to hold that further prosecution of these actions as barred by CPL 30.30 is to give a substantial benefit to a defendant who, using different names and addresses on three separate occasions, received ample notice of the commencement of these cases, but simply absented himself from court. However, CPL 30.30 (subd 4, par [c]) specifically excuses the People from the obligation it creates only if the defendant’s absence is the cause of the delay in the People’s answering ready (see People v Osgood, 52 NY2d 37, 41; People v Sturgis, 38 NY2d 625, supra). The defendant’s absence in these cases did not contribute to that delay.
Quite clearly, it would be inconsistent with the purpose of that legislation to hold otherwise. The rules of the Administrative Board of the Judicial Conference originally provided a time frame within which a criminal action had to be brought to trial. The Legislature, however, superseded those rules by enacting CPL 30.30 and required, instead, that the People be ready for trial within a certain time frame. (See Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 30.30, 1980-1981 Supp, pp 63-65.) Clearly, the intent of the Legislature was to assure speedy trials by imposing on the prosecutor, in each case, a strict standard of diligence and blamelessness, excusing him only when delay was caused solely by the defendant or by events beyond the prosecutor’s control. (See People v Osgood, supra; Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, 1980-1981 Supp, p 64.) The Legislature did not contemplate that the periods of exclusion provided for in CPL *922 30.30 (subd 4) might be used in advance by a prosecutor to justify delay in completing fundamental tasks which remained totally within his control. The excludable events enumerated in subdivision 4 exist, rather, as defenses available to the prosecutor who, after having done all that could reasonably be expected of him, might wish to explain why he could do no more within the statutory time frame. CPL 30.30 was intended to eliminate unjustified delays; in no respect was it intended to provide a reward or incentive for delay (see People v Osgood, supra, at p 45).
In the cases before me the District Attorney could have promptly completed the fundamental task of filing sufficient informations; the defendant’s absence, in no way, prevented that. In failing to do so, the District Attorney was less than diligent or blameless and cannot now use the. event of the defendant’s absence as an excuse for his own initial inaction.[4]
Finally, the People note that the defendant’s failure to appear in each of these cases resulted in the issuance of a warrant and the taking of each matter off the calendar. With the matters off the calendar, the People contend, they had no opportunity to corroborate the complaints or answer ready. However, the calendars of the Criminal Court are not “ticklers” to remind the District Attorney of his obligations. Corroborating affidavits and superseding in-formations can be filed with the court, even in cases off the calendar.[5]
I conclude that in computing the time, in these cases, within which the People were to be ready for trial, the period of the defendant’s absence is not to be excluded under CPL 30.30 (subd 4, par [c]). The People were not ready for trial within 90 days of the commencement of each petit larceny action nor within 60 days of the commence *923 ment of the criminal trespass action and each of the cases must be dismissed.

. During the year 1980, approximately 16,000 desk appearance tickets were served in New York County alone. Slightly fewer than that number resulted in filed complaints. Warrants were issued in roughly 44% of those filed cases or in approximately 7,000 cases. In a significant number of the latter cases, no affidavit corroborating the complaint was filed with the court at the time of the filing of the complaint. The three cases before me are but an example of such cases.

. Nor, for that matter, does the court have jurisdiction sufficient to require a defendant to plead to the complaint, which is only a temporary accusatory instrument (see CPL 100.10, subd 4; People v Weinberg, 34 NY2d 429), nor to require a defendant to move for any pretrial relief. (See, e.g., CPL 240.20, 255.20, 170.65.)

. Of course, merely filing an information does not completely satisfy the People’s obligation under CPL 30.30. Indeed, it is just the first step, since CPL 30.30 requires that the People be ready within 90 days of commencement.

. I must note that it is often the practice of the prosecutor in this court to commence misdemeanor actions but, not promptly secure either informations or corroborating affidavits necessary to convert complaints to informations. Such a practice contributes to substantial delay in such matters and thereby impairs not only the ability of the accused to defend himself but, the capacity of the prosecution to prove its case. (See United States ex rel. Frizer v McMann, 437 F2d 1312, 1316 [CCA2d, 1971].)

. This decision ought not work hardship on the District Attorney who has always had available the option to secure and file sufficient informations in DAT cases in the ample period that normally elapses between the issuance of desk appearance tickets and their return dates.