OPINION OF THE COURT
Jeffrey M. Atlas, J.
The defendant moved to dismiss this action, pursuant to CPL 170.30 (subd 1, par [e]) and 30.30 (subd 1, par [b]), contending that the People were not ready for trial within 90 days of the commencement of the action because of their failure to convert the complaint to an information within that period. The People noted, however, that, during the same period, the defendant made pretrial discovery motions. The People contended that the entire period during which such motions were pending should be excluded (pursuant to CPL 30.30, subd 4, par [a]) in computing the time within which the People were to be ready for trial, notwithstanding the fact that an information was not filed in the matter until 112 days after commencement of the action. The People argued that, by their method of counting, the time had not yet expired within which they were to be ready for trial. In their contention the People relied heav *522 ily upon People v Callender (101 Misc 2d 958). For the reasons which follow herein, I respectfully decline to follow the holding of People v Callender (supra) and I grant the defendant’s motion.
The following facts relevant to this issue are not in dispute:
This action, charging the defendant with criminal possession of stolen property in the third degree, a class A misdemeanor (Penal Law, § 165.40) and unauthorized use of a vehicle, a class A misdemeanor (Penal Law, § 165.05), was commenced against the defendant by the filing of a complaint on February 26, 1981. The defendant was arraigned on that day and was assigned counsel. The defendant did not then, nor did he at any time thereafter, waive prosecution by information. Nonetheless, on March 11, 1981, a motion schedule was established by the court for the making of pretrial motions. Pursuant to that schedule on April 1, 1981, the defendant moved for discovery and a bill of particulars, specifically reserving his right to make further motions. The People responded to the motions on April 14, 1981. Decision on the motions was reserved by the court until May 5, 1981, at which time certain discovery was ordered to be produced by the People and the matter set down for a hearing, pursuant to a motion to suppress, to be held on May 28, 1981. Since the People could not go forward with the hearing on May 28,1981, the matter was adjourned for the hearing until June 17, 1981. On June 17, 1981, the defendant served and filed the instant motion to dismiss. Simultaneously the People filed an affidavit purporting to corroborate the factual allegations of the complaint and serve as an information.
The People contended that they answered “ready” and were prepared to go forward on June 17, 1981, some 112 days after commencement of the action. They argued that they were ready well within the period prescribed by CPL 30.30, since in computing that period, the 78 days during which defendant’s pretrial motions were pending should be excluded.
Clearly, if the period taken up by . the defendant’s motions and consequent court proceedings is not to be excluded in computing the time within which the People *523 were to be ready for trial, then the defendant’s motion must be granted and the matter dismissed. (See People v Duncan, NY City Crim Ct, No. 1N019074, Aug., 1981 [Gartenstein, J.]; People v Lee, NY City Crim Ct, No. 0N063517, April, 1981 [Egitto, J.]; People v Phillips, NYLJ, May 6, 1981, p 11, col 4; People v Colon, 110 Misc 2d 917.) I am of the opinion that under the circumstances of this case that period is not to be excluded and the motion must be granted.
The period during which defendant’s motions are made, responded to and under consideration by the court is to be excluded in computing the period of the People’s readiness only when such events are the cause óf the delay in the People’s readiness. The delay in the People’s readiness must result from the event in question (see CPL 30.30, subd 4, par [a]). It is clear that the Legislature, in drafting CPL 30.30 as a “ready” rule, intended to assure speedy trials by imposing on the prosecutor a strict standard of diligence and blamelessness, excusing him only when delay was caused solely by the defendant or by events beyond the prosecutor’s control. (See People v Osgood, 52 NY2d 37, 41; People v Sturgis, 38 NY2d 625; Denzer, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, 1980-1981 Supp, pp 63-65.) The Legislature did not contemplate that the periods of exclusion provided for in CPL 30.30 (subd 4) might be used, in advance, by a prosecutor to justify delay in completing fundamental tasks which remained totally within his control. The excludable events enumerated in subdivision 4 exist only as defenses available to the prosecutor to explain why he could do no more within the statutory time frame.[1] CPL 30.30 was intended to eliminate unjustified delays; not to provide a reward or incentive for delay. (See People v Osgood, supra, at p 45.) In short, CPL 30.30 (subd 4) was never intended to allow the District Attorney to suspend work on fundamental tasks assigned to him and still within his capacity to accomplish simply because other events are taking place which he may view as potentially excludable. Indeed, to *524 allow the prosecutor such respite would serve, in the end, only to further delay trial of the cause, to the detriment of the defendant and the People alike. (See United States ex rel. Frizer v McMann, 437 F2d 1312, 1316 [en banc].)
In the instant case the District Attorney could have promptly completed the fundamental task of filing a sufficient information; the defendant’s motions, in no way, prevented that. In failing to do so, the District Attorney was less than diligent or blameless and cannot now use the making of defendant’s motions as an excuse for his initial inaction. Moreover, a failure at the earliest time to file a sufficient information can only serve, in any case, to contribute to the delay in the trial of the matter.
The instant case serves well to prove the point. The defendant, preserving his right to a sufficient information (see People v Weinberg, 34 NY2d 429), moved expeditiously for such discovery as might be available to him at that stage of the case. To that extent the defendant promoted early trial of the case. Moreover, by his motions, as well as by explicit reservation of other motions, the defendant could only have reminded the District Attorney that all which needed to be done had not yet been done. Of course, the defendant, whatever his effort, had no real assurance of the earliest possible trial. To the contrary, late filing of an information, particularly to the extent that it changes facts originally set forth in the complaint or fails to sufficiently allege criminal activity can only delay filing of additional appropriate motions by the defendant and, in turn, delay trial.[2] In this context it should again be noted that the complaint, created by the Legislature in 1971, was intended to serve only to assure temporary control over the defendant’s person. (See People v Weinberg, supra; Denzer, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 100.10,1980-1981 Supp, p 268.) Its conversion to an information is, therefore, a fundamental and essential task which, when done, establishes the course not *525 only of all significant pretrial proceedings but, of the trial itself. It follows that I cannot accept the conclusion of People v Callender (101 Misc 2d 958, supra) which rests upon the notion that conversion of the complaint to an information need only take place at a point in time close to trial. Such a view unjustifiably diminishes the significance of the information in our criminal process and serves to encourage prosecutors’ delay rather than expedition.
I conclude that the People were not ready for trial in this case within 90 days of the commencement of the action. Moreover, I find that the period taken up by the making of defendant’s motions is not to be excluded in computing the period in which the People were to be ready for trial in this case. The defendant’s motion is granted and the case is dismissed.

. Indeed the prosecution, on a motion to dismiss, has the burden of establishing periods of exclusion under CPL 30.30 (subd 4). (See People v Thill, 75 AD2d 709, revd on other grounds 52 NY2d 1020.)

. Apart from any new discovery motion which might arise from the filing of an information, the defendant must delay his motion to dismiss an information (which must establish every element of the offense charged and the defendant’s commission thereof [CPL 100.40, subd 1, par (c)]), until one is filed. The complaint, of course, need only set forth reasonable cause to believe the defendant has committed the offense (CPL 100.40, subd 4, par [b]).