OPINION OF THE COURT

Per Curiam.

Judgment of conviction rendered May 12, 1980 is affirmed.
We agree with H. Altman, J. (People v Callender, 101 Misc 2d 958), that the time which elapsed from arraignment to the conversion of a misdemeanor complaint to an information (CPL 170.65; 100.10, subd 4) should not be charged to the People in computing the delay in derogation of defendant’s right to a speedy trial (CPL 30.30). Since a misdemeanor action proceeds in its pretrial stages in the *29 same fashion regardless of whether the accusatory instrument is an information or a complaint, the failure of the People to convert from a complaint to an information at the inception of the proceeding will not generally contribute to delay or impede the People’s ability to answer ready for trial. Conversion of a complaint to an information should take place at a reasonable time before trial (People v Albert, NYU, Nov. 30, 1979, p 13, col 3), which has been held to include the day prior to trial (see People v De Feo, 77 Misc 2d 523, 524; People v Zagorsky, 73 Misc 2d 420, 425; People v Gutterson, 93 Misc 2d 1105). In the case at bar, extensive delays in proceeding to trial resulted from adjournments required by and chargeable against defendant. Delays occasioned by the defendant may not be included in computing whether the statutory period has run (People v Sturgis, 38 NY2d 625; CPL 30.30, subd 4, par [c]).
Concur: Hughes, J. P., Riccobono and Asch, JJ.