OPINION OF THE COURT

Per Curiam.

Order rendered September 21,1981 reversed, on the law, motion denied, and complaints reinstated.
In the misdemeanor case now before us, defendant failed to appear on the return dates of the desk appearance tickets and Bench warrants were issued. Misdemeanor complaints were filed on the appearance dates, commencing criminal actions. Defendant was ultimately apprehended and arraigned on the complaints, over 60 days and/or over 90 days after the respective class B and class A misdemeanor actions had been commenced. Defendant’s *791 position, sustained below, is that the failure of the People to convert the complaints to misdemeanor informations within the prescribed periods in which the People are required to be ready for trial mandated dismissal under CPL 30.30 (subd 1, pars [b], [c]), notwithstanding his absence during the interval between the commencement of the actions and his return to court on the warrants.
In the context of misdemeanor prosecutions in the Criminal Court, “the failure of the People to convert from a complaint to an information at the inception of the proceeding will not generally contribute to delay or impede the People’s ability to answer ready for trial.” (People v Callender, 112 Misc 2d 28,29 [App Term], affg 101 Misc 2d 958; see, also, People v Jared, NYLJ, July 9, 1981, p 11, col 5 [App Term].) Bearing in mind the distinction in procedure between misdemeanor and felony cases, principally the fact that an action may be commenced and can proceed in the Criminal Court on a complaint (cf. CPL 100.05 and 100.10, subd 4, with CPL 210.05), subject always to the defendant’s waivable right to insist that he be prosecuted upon an information (CPL 170.65, subd 3), we are not persuaded that People v Sturgis (38 NY2d 625) should be expansively read to apply to those situations where, as here, valid accusatory instruments were filed in a local criminal court against a defendant who avoided prosecution thereon for precisely that period which is now sought to be charged against the District Attorney (People v Morris, 109 Misc 2d 475,480-482). The People were prepared to go forward on the pending complaints; if informations were required, conversion could have been accomplished at any reasonable time before trial (People v Callender, supra). The delay in these cases is therefore excludable under the statute as a “period of delay resulting from the absence or unavailability of the defendant” (CPL 30.30, subd 4, par [c]). Since this motion to dismiss was brought on less than 60 days after defendant’s apprehension and arraignment, and since all time prior thereto is properly excludable, the motion should have been denied.
Tierney, J. P., Riccobono and Sullivan, JJ., concur.