OPINION OF THE COURT
Daniel P. Fitzgerald, J.
Defendant moves for an order dismissing the information pursuant to CPL 170.30 (subd 1, par [e]) for failure by the People to be ready for trial within the time constraints of CPL 30.30. Additionally and in the alternative, defendant renews his earlier motion for discovery (CPL 240.40).
Defendant was arrested on April 20, 1981 and charged initially with assault in the second degree, a class D felony (Penal Law, § 120.05). The following day, April 21, that charge was reduced to the current charge of assault in the third degree, a class A misdemeanor (Penal Law, § 120.00). On that date, the accusatory instrument was in the form of a misdemeanor complaint, and a schedule was *999 set for defendant’s motions. Those motions were not fully decided until November 12. On December 3, the misdemeanor complaint was converted into an information.
THE people’s READINESS FOR TRIAL
Defendant contends that until a misdemeanor complaint is converted to an information the People are unable to communicate their readiness for trial. Further, unless the People can show that the period of delay before conversion actually prevented the People from converting the accusatory instrument into an information, that period of time cannot be considered as excludable time (CPL 30.30, subd 4). Rather, that time should be chargeable to the People. Since more than the permitted 90 days elapsed (CPL 30.30, subd 1, par [b]) between arraignment on the misdemeanor complaint and conversion to an information, and since the People were not prevented from converting to an information during that time, defendant contends this action must be dismissed.
Defendant relies on People v Sturgis (38 NY2d 625) and its progeny. In Sturgis, the issue was whether a period of slightly more than three months while the defendant was absent from court was an excludable period of time not to be charged to the People. The court held it was not excludable. During the period of defendant’s absence, the accusatory instrument remained as a felony complaint. The court held that the defendant’s absence did not prevent the People from presenting the case to the Grand Jury to get an indictment.[1]
Clearly in felony cases, until an indictment is returned, the People are not in a position to answer that they are ready for trial. An indictment is the only method of prosecuting an offense in a superior court (except for prosecution *1000 on a superior court information if defendant waives prosecution by indictment [CPL 210.05; art 195]). Prior to the finding of an indictment, the People are not permitted to exclude any chargeable time unless they can show that they were actually prevented or delayed from seeking an indictment by one of the events listed in CPL 30.30 (subd 4). Sturgis stresses the causality explicit in that subdivision (People v Sturgis, supra, at p 628).
Defendant contends an inflexible analogy exists between an indictment in a felony case and an information in a misdemeanor prosecution. Therefore, he argues, none of the events listed in CPL 30.30 (subd 4) should operate to exclude time chargeable to the People unless a delay resulting from one of those events actually prevented the People from filing a misdemeanor information. And both parties in the instant action agree that none of the events listed in CPL 30.30 (subd 4) prevented or delayed the People from filing an information.
This analogy and theory were generally considered to be correct by the nisi prius courts[2] — at least until the affirmance in People v Callender (101 Misc 2d 958, affd 112 Misc 2d 28 [App Term, 1st Dept], application for lv to opp den 55 NY2d 880).
In People v Callender (supra), some 80 days had elapsed between arraignment on a misdemeanor complaint and conversion into an information. The defendant in Callender, relying on People v Sturgis (supra) contended, as does the defendant in the case at bar, that all time from the arraignment on the misdemeanor complaint to the filing of the information is chargeable to the People within the meaning of CPL 30.30 since nothing the defendant did prevented the filing of an information. The court rejected this argument and held that “[s]ince a misdemeanor action proceeds in its pretrial stages in the same fashion regardless of whether the accusatory instrument is an information or a complaint, the failure of the People to convert *1001 from a complaint to an information at the inception of the proceeding will not generally contribute to delay or impede the People’s ability to answer ready for trial.” (People v Callender, 112 Misc 2d 28, 28-29, supra.) The court also held that this conversion can take place at any reasonable time before trial, including even the day before.[3] The lower court distinguished People v Sturgis (supra) and thereby distinguished the treatment of felonies and misdemeanors under CPL 30.30. It agreed that a misdemeanor information is similar to an indictment in that, absent a waiver, it is the only misdemeanor accusatory instrument which can serve as the basis for trial (see CPL 100.10, subd 1; cf. CPL 100.10, subd 4). But while a superior court does not acquire any jurisdiction over a felony until there has been an indictment, a local criminal court acquires preliminary jurisdiction over a misdemeanor with the filing of a misdemeanor complaint since that court has the ultimate jurisdiction to try the action (People v Callender, 101 Misc 2d 958, 961, supra). Since the misdemeanor complaint commenced the action in the proper trial court, all that was required for the People to answer ready for trial was the filing of a supporting deposition to convert the complaint to an information (101 Misc 2d, 958, 962). The court treated this filing as something akin to a ministerial act.
But as support for the holding that a misdemeanor proceeds towards trial in the same fashion whether as a complaint or an information, the court relied on the proposition that the time within which defendant is required to make all pretrial motions is the same regardless of the form of the accusatory instrument.
*1002 It was this proposition that weakened Callender as precedent. The time frame within which Callender spoke was prior to January 1, 1980. Prior to that date it was indeed considered a correct proposition. But on January 1, 1980, CPL article 240 changed and explicitly stated that discovery proceedings on a misdemeanor are available only to a defendant against whom an information is pending; it does not provide for discovery on a misdemeanor complaint. It is true that many other motions are available to a defendant charged only on a misdemeanor complaint.[4] Yet the change in CPL article 240 is a significant, qualitative change frequently requiring an early information. Discovery is a logical first step for a defendant; the discovery received assists the defendant to particularize the facts supporting other motions. And when the discovery is received early on a misdemeanor information, it avoids the need to renew motions first made on a misdemeanor complaint if the charges or gravamen are changed when the complaint is converted into an information. The change in CPL article 240 significantly altered how a misdemeanor should logically proceed towards readiness for trial. The insistence in People v Sturgis (supra) that the trial instrument be in existence early in the proceedings and that delay in getting it into existence be charged to the People seemed a viable rationale when applied to a misdemeanor as well as a felony. For this reason, the affirmance of People v Callender (101 Misc 2d 958, supra) appeared to have little precedential value.
However, in March of this year, the Appellate Term reversed People v Colon (110 Misc 2d 917, revd 112 Misc 2d *1003 790 [App Term, 1st Dept]). The lower court had applied the Sturgis rationale to misdemeanor cases. More importantly, the time period involved in that case was after January, 1980 and the change in CPL article 240. But the Appellate Term quoted liberally from Callender and reaffirmed the principles stated in that case. Therefore, the current law in this department is that misdemeanor cases are to be treated differently from felonies under CPL 30.30, and that misdemeanors proceed towards trial in the same fashion whether in complaint or information form. The failure of the People to convert to an information at the inception of the proceeding will not generally contribute to delay or impede the People’s ability to answer ready for trial, and unlike felonies, the causality of the delay resulting from the events listed in CPL 30.30 (subd 4) is without effect when applied to the People’s ultimate obligation to convert the complaint to an information (People v Colon, supra).
Applying these principles to the instant action, I am constrained to find that only 38 days are properly chargeable to the People under CPL 30.30 (subd 1).
The defendant was arraigned on a felony complaint on April 20, 1981 and on April 21, after the charges were reduced, he was arraigned on the misdemeanor complaint. Contrary to defendant’s contention, the day in between is not chargeable to the People (CPL 30.30, subd 5, par [c]). On that day, a motion schedule was set by the court, defendant was to serve his motions by May 5, and the People were to respond by May 18. This period of time is excludable (CPL 30.30, subd 4, par [a]). However, the People did not respond until June 8. This 21-day period is chargeable to the People.
Defendant submitted reply papers on June 16, and the court adjourned the matter for decision. The motions were decided on November 12. This period of time is excludable (CPL 30.30, subd 4, par [a]).[5]
*1004 The adjournment from November 12 to December 3 for trial was on consent and therefore excludable (CPL 30.30, subd 4, par [b]). On December 3, the People were not ready for trial, and the schedule on the instant motion was set. The People and defendant stipulated that the People would have otherwise been ready for trial in 14 days and that this time should be chargeable to the People.
Lastly, the People are charged with an additional three days for a dilatory response to defendant’s papers on the instant motion. Therefore, the People have 52 days remaining after decision on this motion within which they must communicate their readiness to the court (People v Hamilton, 46 NY2d 932).
Defendant seeks to renew his earlier motion for discovery pursuant to CPL 240.40, contending that the court lacked jurisdiction to entertain that motion while the action was pending as a misdemeanor complaint. Defendant is correct; it was improper for him to have included that motion within his earlier omnibus motion. CPL article 240 has no provision permitting discovery motions by a defendant against whom a misdemeanor complaint is pending (see, e.g., People v Webb, 105 Misc 2d 660); only other, specified motions are permitted to be made on a misdemeanor complaint (see p 1002, n 4, supra). Discovery motions on misdemeanors, however, may be made only by a defendant against whom an information is pending (CPL 255.20, 240.40, 240.90, subd 2).
The amendment to CPL article 240 in January, 1980, combined with the recent reversal in People v Colon (110 Misc 2d 917, revd 112 Misc 2d 790, supra) forces a defendant to confront an awkward procedure. If he is first arraigned on a misdemeanor complaint he may elect to make certain motions at that time and wait until the complaint is converted to an information to receive discovery. If, however, he needs discovery as a basis for making his other motions, the court is permitted to grant his request that the motions be made seriatim (CPL 255.20, subd 2). The court should then require the People to convert the complaint into an information at the earliest possible date to permit the defendant to demand and move *1005 for the discovery needed for the making of his other motions. The court’s insistence on an early conversion to an information in this instance appears not to conflict with Colon (112 Misc 2d 790, 791, supra) since it states that failure to convert at inception “ ‘will not generally contribute to delay’”. In those particular instances where it would contribute to delay, Colon would seem to permit sufficient flexibility for the court to control its calendar and prevent the delay of motions, and thus the eventual trial date, by ordering an early conversion to an information.[6]
In the instant motion, this court grants defendant’s request to renew his earlier discovery motion. It is now permissible to entertain it since the misdemeanor charge is now in information form. This court, however, adopts the reasoning and conclusions on those issues related to discovery reached by the Judge who decided the defendant’s earlier omnibus motion on November 12, 1981. Those conclusions are therefore made part of this decision and order.
For the foregoing reasons, defendant’s motion to dismiss pursuant to CPL 30.30 is denied. Defendant’s motion for discovery is granted and denied to the extent stated in the prior decision of the court dated November 12, 1981.
So ordered.

. The People attack People v Sturgis (38 NY2d 625) collaterally and contend, in substance, that its reasoning is internally inconsistent since the court excluded two other periods of time which, they say, Would not have prevented presentation of the case to the Grand Jury. The People are in error. An examination of the record on appeal in Sturgis reveals that both periods of time impeded presentation to the Grand Jury: one period was an adjournment for a “disposition date” in the lower court; the other was a week during which the court papers were being held by the local magistrate (see People v Phillips, NYLJ, May 6, 1981, p 11, col 4).

. (See, e.g., People v Ryff, 100 Misc 2d 505; People v Smith, 103 Misc 2d 640; People v Thompson, 111 Misc 2d 521; People v Phillips, NYLJ, May 6,1981, p 11, col 4; People v Eubanks, NYLJ, Oct. 14, 1981, p 11, col 5; People v Reid, 110 Misc 2d 1083.)

. The court relied, for this proposition, on People v Albert (NYLJ, Nov. 30, 1979, p 13, col 3), People v De Feo (77 Misc 2d 523), People v Zagorsky (73 Misc 2d 420) and People v Gutterson (93 Misc 2d 1105). All of these cases appear to be slightly off the mark. Each involves the requirement in CPL 100.25 (subd 2) that, upon request of a defendant arraigned on a simplified traffic information, the court must order the filing of a supporting deposition of the complainant police officer. Unlike a misdemeanor complaint which cannot serve as the basis for prosecution at trial (CPL 100.10, subd 4), a simplified traffic information may serve as a basis for prosecution under certain circumstances (CPL 100.10, subd 2, par [a]). Additionally, the conversion from a misdemeanor complaint to an information eliminates the hearsay allegations from a third person when he files his supporting deposition; a simplified traffic information, on the other hand, contains no hearsay, and the supporting deposition of the complainant, required when requested, only serves to supply more detailed, evidentiary information.

. A local criminal court has express jurisdiction on a misdemeanor complaint to, inter alla, determine motions to suppress statements, physical evidence and identification testimony (CPL 710.50, subd 1, par [c]); motions for a bill of particulars (CPL 200.90, 100.45, subd 4); motions to dismiss the charges on the ground that the prosecution is barred by prior prosecution or is untimely (CPL 170.30, subd 1, pars [c], [d]); motions to dismiss on speedy trial grounds (CPL 170.30, subd 1, par [e]); motions to dismiss in furtherance of justice (CPL 170.30, subd 1, par [g]); and motions to sever offenses charged in a single misdemeanor complaint, to join charges stated in different complaints, to sever defendants charged in the same complaint and to consolidate defendants charged in different complaints (CPL 100.45, subd 1; 200.20, 200.40). But, of course, defendant must delay any motion to dismiss the information, which must establish every element of the offense charged, until one is filed (CPL 100.40, subd 1, par [c]).

. Defendant contends that the People should have shifted the case to another Judge for decision since the Judge who was to decide it — and ultimately did — was ill during part of this period of time. Defendant is in error; the People have no such obligation (People v Nieves, NYLJ, Dec. 7, 1981, p 14, col 2 [App Term, 1st Dept]).

. Certain legislative changes are necessary to promote consonance between CPL article 240 and CPL 30.30 and to fulfill the intent of CPL article 240 to eliminate delays. (See Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 240.10, 1981-1982 Supp Pamph, p 341.) Either CPL article 240 should be changed to include discovery proceedings on a misdemeanor complaint (in accordance with the philosophy of People v Callender [101 Misc 2d 958, affd 112 Misc 2d 28] and People v Colon [110 Misc 2d 917, revd 112 Misc 2d 790] that a misdemeanor proceeds in pretrial stages in the same fashion regardless whether the accusatory instrument is a complaint or information), or CPL article 240 should remain unchanged and an early conversion into an information should be mandated.