OPINION OF THE COURT
Albert Koch, J.
The defendant moves to dismiss the charges against him of petit larceny (Penal Law, § 155.25) on the grounds that the People were not ready for trial within 90 days of the commencement of the action as required by CPL 30.30 (subd 1, par [b]). Defendant argues that all periods of time from commencement of an action by a misdemeanor complaint until its conversion to a misdemeanor information by the filing of a corroborative affidavit must, as a matter of law, be chargeable to the People.
The People claim that if conversion is completed within 90 days of commencement, the court should make an independent investigation to determine whether any delay prior to conversion is excludable under CPL 30.30. Crucial to this position is the necessity that the strict 90-day period *1059 for conversion mandated by People v Colon (110 Misc 2d 917, affd 59 NY2d 921) be held irrelevant to the excludable time provisions of CPL 30.30.
The facts of the case are not in dispute. On July 29,1983, Bonnilla Arturo was arrested and charged with stealing $60 worth of gold shavings from the jewelry store where he worked. He was arraigned on a misdemeanor complaint on July 30,1983, and several subsequent adjournments of the case were taken.[1]
The corroborating affidavit was filed on October 28, 1983, the 90th day following the filing of the accusatory instrument which commenced the action (see CPL 100.05). Three days later, on November 1, 1983, the People were not ready for trial and requested an adjournment for trial to November 15,1983. On that day the defendant moved to dismiss the information based upon the People’s nonreadiness for trial.
The relevant provisions of the controlling statute, CPL 30.30, are as follows:
“1. Except as otherwise provided in subdivision three, a motion made pursuant to paragraph (e) of subdivision one of * * * section 210.20 must be granted where the people are not ready for trial within * * *
“(b) ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony * * *
“4. In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded:
“(a) a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to proceedings for the determination of competency and the period during which defendant is incompetent to *1060 stand trial; demand to produce; request for a bill of particulars; pre-trial motions; appeals; trial of other charges; and the period during which such matters are under consideration by the court; or
“(b) the period of delay resulting from a continuance granted by the court at the request of, or with the consent of, the defendant or his counsel. The court must grant such a continuance only if it is satisfied that postponement is in the interest of justice, taking into account the public interest in the prompt dispositions of criminal charges. A defendant without counsel must not be deemed to have consented to a continuance unless he has been advised by the court of his rights under these rules and the effect of his consent; or * * *
“(f) the period during which the defendant is without counsel through no fault of the court; except when the defendant is proceeding as his own attorney with the permission of the court”.
The legislative intent in passing CPL 30.30 was to promote speedy trials; it imposes upon the People a strict standard of diligence with respect to all matters fundamental to the prosecution of a criminal case. (People v Osgood, 52 NY2d 37.) The strict limits of the ready trial statute are not absolute; a prosecutor can be relieved from the strict time limitations when a delay in prosecution has been caused by the defendant or is due to exceptional circumstances beyond the prosecutor’s control. (CPL 30.30, subds 3, 4; see, also, People v Thompson, 111 Misc 2d 521, affd 120 Misc 2d 444; People v Osgood, supra.) In this case no exceptional circumstances beyond the prosecutor’s control are alleged to have occurred.
The Court of Appeals has held that the People cannot be “ready for trial” without a timely conversion of the complaint into a jurisdictionally sufficient information. The failure to convert severely limits the availability of the excludable time provisions of CPL 30.30 (subd 4). (People v Colon, 59 NY2d 921, supra; People v Sturgis, 38 NY2d 625.)
There is a major and often critical difference between cases where the sole accusatory instrument is a misde *1061 meanor complaint and cases where an information commences the action or is the result of a timely conversion of a misdemeanor complaint. An action against a defendant can be commenced by either a misdemeanor complaint or by a misdemeanor information; but an action may only be “prosecuted” when a misdemeanor information is filed. (CPL 100.10, subds 1, 4.)
A misdemeanor complaint confers only limited jurisdiction upon a court. It allows for the arraignment and the temporary control of the defendant’s person based upon “reasonable cause” to believe the defendant has committed a crime (People v Pinto, 88 Misc 2d 303). It commences the action but, in the absence of a waiver, is not a sufficient instrument for prosecution of the action. (CPL 100.10, subd 4; 170.65.) The defendant does not even have to plead to a misdemeanor complaint (CPL 170.65, subd 1); in silence and in safety he may wait until an information is filed.
The right of a defendant to be prosecuted by an information is a substantial one and is based upon a “fundamental difference between these accusatory instruments — i.e., that a misdemeanor complaint may rest on hearsay allegations while an information may not.” (People v Weinberg, 34 NY2d 429, 431.) In the absence of a waiver, the absolute right of defendant to be prosecuted by information carries with it an absolute corresponding duty to the prosecutor to file a misdemeanor information or convert the misdemeanor complaint in a timely manner. The court may not try a misdemeanor case, nor may the District Attorney prosecute that case, until an accusatory instrument sufficient in its allegations is filed with the court. The responsibility to file such an instrument “rests squarely on the shoulders of the [prosecutor]” and must be done within the statutory time limits of CPL 30.30 (subd 1, par [b]) (People v Colon, 110 Misc 2d 917, 920, supra; People v Thompson, supra).
Here, the People satisfied the minimum requirements of Colon (supra) by filing the corroborating affidavit on the 90th day after commencement of the action. However, they did not declare their readiness for trial until 108 days after the action commenced.
*1062 Until the People filed on the 90th day, they were not ready for trial as a matter of law. When they filed, one impediment was removed, but while failing to file a misdemeanor complaint is synonymous with nonreadiness, filing is not synonymous with readiness.
The People point to their compliance with Colon (supra) and urge the court to find that the defendant caused a delay in the People’s readiness for trial by making a discovery motion and a request for adjournment prior to the conversion of the misdemeanor complaint.[2]
Their argument is not acceptable. CPL 30.30 contains no language which allows such an approach. I see no reason why there should be one standard for determining excludability if the prosecutor files a corroborating affidavit on the 90th day after commencement of the action and another standard if he files one day later. The filing of a corroborating affidavit is not a declaration of readiness for trial; it is a jurisdictional requirement which allows the People to prosecute the case. Until the District Attorney has the requisite authority to prosecute, the delay in acquiring that authority rests with his office; the defendant cannot be held responsible for purely gratuitous activities.
Under these circumstances the defendant’s demand for discovery prior to conversion cannot be made the basis upon which the People may claim delay. Under CPL 240.20 a defendant’s right of discovery is available only when there is pending a superior court information, prosecutor’s information, information or simplified information. There is no provision to permit discovery upon a felony complaint or misdemeanor complaint. Indeed, a defendant’s motion for discovery prior to conversion is, in effect, a nullity. (See People v Webb, 105 Misc 2d 660; see, also, reasoning of Fitzgerald, J., in People v Zisis, 113 Misc 2d 998, 1004.)
I am aware that current practice in this court is to permit a defendant to move for discovery'prior to conversion but I find this practice neither controlling nor prudent. To the contrary, there are significant reasons, in the *1063 interest of judicial economy, to follow the legislative lead in requiring an information prior to discovery.
Discovery is often a critical preliminary step utilized by a defendant in the preparation of his case. Yet, to have discovery prior to conversion promotes needless renewal motions should the gravamen of the complaint be changed upon conversion. (People v Thompson, 111 Misc 2d 521, 524, supra.) Also, the misdemeanor complaint only provides preliminary jurisdiction based upon “reasonable cause.” It is expected that further investigation by the prosecutor will provide the groundwork for a prima facie case. Should that information not be forthcoming, i.e., the complaining witness refuses to sign an affidavit under the penalties of perjury, the charges must be dismissed, and any discovery motions or other pretrial preparation will have been largely irrelevant. Also, the responses to discovery made prior to conversion may later prove to be too narrow or may inappropriately commit the parties to positions that are contrary to the best interests of their case. It was not the intent of the Legislature in amending CPL article 240 to needlessly waste the already strained resources of the court, the prosecutor and the defendant.
Similarly, any request for an adjournment attributable to the defendant could not have caused a delay to the People. It is the duty of the prosecutor to use due diligence with respect to all matters fundamental to the case, and because of the limited jurisdiction given to the court and to the prosecutor with respect to accusatory instruments based upon hearsay allegations, I now hold that the duty to convert a misdemeanor complaint to an information is a primary “first step” obligation of the People.
The prosecutor’s failure to take this “first step” brings with it certain risks if there is an unexcused, not for good cause failure to secure and file a corroborating affidavit. No defendant’s request contributed in any fashion to the delay in filing a corroborating affidavit.
As stated in Thompson (supra) “CPL 30.30 (subd 4) was neve]* intended to allow the District Attorney to suspend [his] work on fundamental tasks assigned to him and still within his capacity to accomplish simply because other events are taking place which he may view as potentially excludable”. (111 Misc 2d, at p 523.)
*1064 Since I find that the People’s primary duty is to convert a misdemeanor complaint, Colon and Thompson (supra) compel the finding that the activity of the defendant prior to conversion did not cause the delay. It is clear that if the defendant did not cause a delay in the prosecutor’s first step, any activity prior thereto could not have contributed to a delay in the prosecutor’s final step — declaring their readiness for trial.
Any contrary holding would give greater protection to the defendant who willfully absents himself from the court’s jurisdiction than to the defendant whose actions help to promote a speedy resolution of his case through prompt pretrial activity. The ready trial statute was never intended to restrict defense activity; rather its focus is upon defining a strict standard of prosecutorial conduct in preparation for trial. Consistent with this approach, the CPL does not impose any corresponding readiness requirement upon the defendant. He is within his rights to do nothing, and wait for the prosecution to declare its readiness for trial on the record. (People v Hamilton, 46 NY2d 932.)
It is true that the defendant who stands idly by after an information is filed runs the risk of being caught unprepared when the prosecutor declares his readiness for trial. Yet, no such risk is attendant upon the defendant where no corroborating affidavit is filed because the prosecutor is prevented from declaring his readiness. Ironically, the real risk in holding the defendant responsible for his preconversion activity will be to thwart the legislative intent of the ready trial statute. This court will not blind itself to the practical effect such a holding would have upon the orderly process of the cases before it. The defense Bar, in its continuing desire to provide the best possible defense, would be reluctant to take any action that might jeopardize a dismissal based upon the prosecutor’s failure to timely convert a misdemeanor complaint to an information. Their natural recourse would be to withhold taking any steps that might potentially be excludable, allowing the prosecution to adjourn the case until an information is filed. The prosecution, aware that real movement need not be made on the case until the statutory deadline draws near, is *1065 given no incentive to begin the fundamental tasks of prosecution. It is not without significance that the defendant appeared before the court four times before the corroborating affidavit was filed. The already overburdened all-purpose parts of this court cannot tolerate any further institutionalization of delay wholly occasioned by the prosecutor’s inability to marshal the most basic aspect of his case against the defendant.
Therefore, all times subsequent to arraignment on the misdemeanor complaint until the information herein was filed on the 90th day are chargeable to the People. Nothing before the filing of the information can be excludable to the People. In announcing their nonreadiness on November 1, 1983, and adjourning the matter to November 15,1983, the People have failed to comply with the requirements of CPL 30.30 and the matter must be dismissed.
Since the defendant’s motion to dismiss under CPL 30.30 is granted, it is unnecessary to reach the claimed violation of the defendant’s speedy trial rights under CPL 30.20.
It is to be noted, however, that a mere delay of 108 days, without more and absent a showing of prejudice, would not reach the level of constitutional wrongdoing required for dismissal under CPL 30.20. (People v Taranovich, 37 NY2d 442.)

. At arraignment the matter was adjourned to an all-purpose part for August 18, 1983. This adjournment by the court was apparently made because the court believed the defendant was going to cross-complain against his employer. The court noted the file, “cross-complaint, possible resolution.” On September 20, 1983, defendant’s present counsel was substituted for Legal Aid counsel and the parties worked out a motion schedule. The case was again adjourned from October 18,1983 until November 1,1983, and marked “For trial”.

. The People also claim excludable time, without specifying the extent, by the failure of the defendant to have counsel. (CPL 30.30, subd 4, par [f].) However, they have made no showing that defendant was ever without counsel or that such a failure, if it existed, operated to delay the preparation of the case (see People v Eubanks, NYLJ, Oct. 14, 1981, p 11, col 5).