OPINION OF THE COURT
Gilbert Rabin, J.
Defendant moves for dismissal of the violation information herein for People’s failure to be ready for trial within 30 days of commencement of this criminal action. (CPL 30.30, subd 1, par [d].) For the following reasons, the motion is granted and the information is dismissed.
This criminal action was commenced on July 27, 1984. On that date defendant was arraigned and pleaded not guilty. The information, which charged defendant with commission of a violation, was based upon information and belief, the source of which was “the sworn complaint of Mrs. Delores Hicks”. The court file reflects that on July 27,1984, the defendant’s attorney requested a supporting deposition and the court ordered the People to furnish defendant with the requested supporting deposition. The matter was adjourned until September 14, 1984, for motions.
The supporting deposition was not served prior to September 14, 1984, and defendant moved for dismissal of the information.
*142 In their “reply to notice of motion” (unsigned and unsworn), dated September 21,1984, the People served defendant with the sworn statement of Delores Hicks, which was sworn to September 17, 1984.
The People must be ready for trial on a violation charge within 30 days of the commencement of the action. (CPL 30.30, subd 1, par [d].)
To establish readiness for trial on a motion to dismiss under CPL 30.30, the People must submit record proof of a contemporaneous communication of readiness. (People v Brothers, 50 NY2d 413,416.) The People do'not allege that they have communicated their readiness on the record. Rather, they assert in their “reply to notice of motion” that defendant was arraigned on or about July 27, 1984, and that “People were ready to try this case at an earlier date”. However, it is insufficient, as a matter of law, to inform the court that the People were ready to proceed for the first time in their response to a motion to dismiss. (People v Hamilton, 46 NY2d 932, 933.)
Even if the People had declared their readiness on or before July 27, 1984, the People could not in fact have been ready for trial on that date.
The violation information is based solely on hearsay, the source of which is set forth as “the sworn complaint of Mrs. Delores Hicks”. That sworn complaint was not filed with the information. Contrary to the People’s assertion that defendant first requested a supporting deposition in the instant motion, the Judge’s notation in the court file reflects that the People were ordered on July 17,1984, to provide the defendant with the requested supporting deposition. This was not done until on or about September 21, 1984, 56 days after the commencement of the action.
The violation information which was filed was insufficient on its face as it was based solely upon hearsay. (CPL 100.40, subd 1, par [c].) Defendant requested the supporting deposition at the earliest opportunity. Until service of the supporting deposition, the People could not have been ready for trial. In this case, the People’s failure to serve the supporting deposition deprived the court of jurisdiction to proceed on the accusatory instrument.
In addition, until service of the supporting deposition, defendant’s time within which to move with respect to the information could not have begun. (See CPL 170.30, subd 2.)
The People contend that the period from July 27, 1984, until September 14,1984, is an excludable period chargeable to defen *143 dont as an adjournment requested by defendant. (CPL 30.30, subd 4, par [b].) The court does not agree.
In People v Sturgis (38 NY2d 625) the Court of Appeals considered and ruled upon the meaning of the exclusion in CPL 30.30 (subd 4, par [c]). This paragraph excludes “the period of delay resulting from the absence or unavailability of the defendant.” The court held that “for time to be excludable under CPL 30.30 (subd 4, par [c]) there must be more than mere absence or unavailability. Explicitly under the statute, delay must result therefrom.” (People v Sturgis, supra, at p 628; see, also, People v Colon, 110 Misc 2d 917, revd 112 Misc 2d 790, revd 59 NY2d 921 [for reasons set forth in opn at 110 Misc 2d 917].)
This court holds that the same principle applies to excludability under CPL 30.30 (subd 4, par [b]). That is, there must be more than a mere adjournment requested by defendant — the People must show that the delay actually resulted from the adjournment. “The Legislature did not contemplate that the periods of exclusion provided for in CPL 30.30 (subd 4) might be used in advance by a prosecutor to justify delay in completing fundamental tasks which remained totally within his control. The excludable events enumerated in subdivision 4 exist, rather, as defenses available to the prosecutor who, after having done all that could reasonably be expected of him, might wish to explain why he could do no more within the statutory time frame. CPL 30.30 was intended to eliminate unjustified delays; in no respect was it intended to provide a reward or incentive for delay”. (People v Colon, 110 Misc 2d 917, 921-922, revd 112 Misc 2d 790, revd 59 NY2d 921 [for reasons set forth in opn at 110 Misc 2d 917], supra; see, also, People v Osgood, 52 NY2d 37.)
In this case People have not shown that the filing of the supporting deposition was impeded or prevented by the defendant’s request for an adjournment. (See People v Sturgis, supra, at p 628.) The court notes that the statement of Mrs. Hicks was sworn to on September 17, 1984, and was obviously not even obtained until after defendant had made this motion.
Since People were not ready for trial within 30 days from the commencement of this action, the motion is granted and the information is dismissed.