OPINION OF THE COURT
Leslie Crocker Snyder, J.
The defendant moves for an order dismissing four criminal informations on the ground that she has been denied her statutory right to a speedy trial (CPL 30.30). This motion requires the court to balance the defendant’s statutory right to a speedy trial with her due process right to be mentally competent at the time of trial. (CPL art 730.)
facts
On four separate occasions the defendant has been arrested for aggravated harassment (Penal Law § 240.30). The complaining witness was the same person in each case. On August 7, 1984 and again on August 8, 1984 the defendant was arraigned on the above charge. These two cases are the primary focus of this decision as the People clearly satisfied their speedy trial obligations concerning the two subsequent arrests.
At the arraignment of each case, the court ordered the *594 defendant to be psychiatrically evaluated for competency to stand trial (CPL art 730) on an out-patient basis. Both cases were adjourned to September 2, 1984 (50 and 49 days after arraignment, respectively) for the court to receive the CPL article 730 report.
On September 25, 1984 the psychiatric evaluation was filed. The defendant was found fit to proceed. No motion to controvert this finding of fitness was made. At this September 25, 1984 court appearance the People filed and served corroborating affidavits.
After September 25, 1984 the matter proceeded as follows: September 25, 1984 to February 13, 1985 — excluded on consent; February 13, 1985 to March 12, 1985 — excluded (hearing ordered); March 12, 1985 to April 10, 1985 — 30 days charged to the People; April 10, 1985 to May 2, 1985 — 22 days charged to the People; May 2, 1985 — People answered ready for trial.
ISSUE
This court must decide if the time required for a psychiatric evaluation prior to conversion to a jurisdictionally sufficient accusatory instrument should be charged to the People for speedy trial purposes.
DISCUSSION
The defendant is charged with a class A misdemeanor. The People, therefore, are required to be ready for trial within 90 days of the commencement of the criminal action. (CPL 30.30 [1] [b].) Before the People can answer ready they must convert the complaint (a hearsay instrument) to a jurisdictionally sufficient, nonhearsay, information. (People v Colon, 110 Misc 2d 917, revd 112 Misc 2d 790, revd for reasons stated at Crim Ct 59 NY2d 921.) The defendant asks this court to charge the People with all preconversion delay, relying on People v Osgood (52 NY2d 37) and People v Arturo (122 Misc 2d 1058 [1984]). If all preconversion time is charged to the People, the defendant’s motion to dismiss pursuant to CPL 30.30 must be granted.
CPL 30.30, while establishing a statutory speedy trial rule, does not require the court to sacrifice its intelligence and discretion to mathematical scheme. Under CPL 30.30 (4) (a) certain time periods have been made excludable. The time for a psychiatric evaluation is one of these specifically exempt time periods.
*595 Further, the "conviction of an accused person while he is legally incompetent violates due process” (Pate v Robinson, 383 US 375, 378). Once the preliminary determination has been made by the court to submit a defendant to a CPL article 730 examination, it is a matter of fundamental fairness that the process be completed. (People v Lowe, 109 AD2d 300 [4th Dept 1985].)
In light of the important right protected by a CPL article 730 examination, the delay caused by such an examination is an inherent delay in the criminal justice system and, therefore, excludable from speedy trial considerations. (People v Dean, 45 NY2d 651 [1978].)
It is true that nothing prevented the People from filing the corroborating affidavits prior to the return of the psychiatric evaluation. The question this court must resolve is whether there are any legal or logical reasons to require the People to proceed on a case in which a Judge has made a preliminary determination that the People may not be able to go forward at all due to the defendant’s psychiatric condition. Talismanic allegiance to the dogma that all preconversion delay is charged to the People is not a sufficient response. (See, People v Worley, 66 NY2d 523 [1985].)
This court acknowledges that the preconversion delay was not "caused” by the defendant. Rather the delay occurred because the court sought to protect one of the defendant’s fundamental rights, namely, her right to understand and participate in the proceeding. To punish the People because they did not convert in a case in which such a fundamental right was undetermined would not serve the purpose for which the speedy trial statute was enacted.
CONCLUSION
For the reasons stated above, this court finds that the preconversion delay pending the result of the CPL article 730 examination is to be excluded. Therefore, the People’s statement of readiness on May 2, 1985 was timely as only 52 days of chargeable time had elapsed. Nothing in the record suggests that this was anything but a good-faith statement of readiness which was sufficient to satisfy the People’s obligation under CPL 30.30. (People v Kendzia, 64 NY2d 331 [1985].)
The defendant’s motion is denied as to all four dockets.