OPINION OF THE COURT
Robert D. Lippmann, J.
Defendant Elton Swanson was arrested on March 27, 1986 and charged with violating Penal Law §§ 221.40 (criminal sale of marihuana in the fourth degree) and 221.05 (unlawful possession of marihuana). He was arraigned on March 28. Defendant now moves to dismiss the misdemeanor informa *328 tion pursuant to CPL 170.30 (1) (e) and 30.30, claiming he was denied his right to a speedy trial.
This misdemeanor case was commenced on March 28, 1986 when defendant was arraigned. CPL 30.30 (1) (b) requires the People to be ready for trial within 90 days of that date. Defense counsel and the Assistant District Attorney (ADA) have submitted briefs in which each calculates the time chargeable to the People. Defendant reaches a total of 98 days, the ADA 53 days. The disparate views arise first from the People’s claim to excludable time on May 22, and second, from the People’s assertion that they declared themselves ready for trial on June 16.
In resolving the time disputed on May 22, the court must answer whether the filing by the prosecutor of a corroborating affidavit without notice to opposing counsel of such filing results in time chargeable to the People. I hold that it does.
On April 17, 1986, the People requested and were granted an adjournment until May 22 to file a corroborating affidavit to convert a misdemeanor complaint to a misdemeanor information. The ADA filed the corroborating affidavit on May 6 and claims the People are chargeable with only 19 days, that is, until the filing date. No notice of the filing was given to defense attorney who did not learn of the filing date until the parties’ court appearance on May 22. Defendant charges 35 days to the People, that is, the full adjournment time requested by the People from April 17 to May 22.
The filing of a corroborating affidavit signals the moment the accusatory instrument has been converted to an information legally sufficient on its face, in conformity with CPL 100.40. The conversion of a complaint to an information is a jurisdictional requirement without which the case cannot be prosecuted. (People v Arturo, 122 Misc 2d 1058 [Crim Ct, NY County 1984].) But, the filing of a corroborating affidavit is not a declaration of readiness for trial. (People v Arturo, supra; People v Richberg, 125 Misc 2d 975 [Crim Ct, NY County 1984].)
It is well settled that the 30.30 clock stops running only when the prosecution, within 90 chargeable days, either declares the People’s readiness for trial in open court, which declaration is transcribed by the court reporter, or gives written notice of readiness to both defense counsel and to the court clerk, to be placed in the original record. Moreover, the declaration must be of present readiness in fact. (People v Kendzia, 64 NY2d 331 [1985].)
*329 It is self-evident that the computation of time chargeable to the People bears directly on a defendant’s constitutional right to a speedy trial. Just as the declaration of readiness must be communicated orally in open court or by written notice to defense counsel, so too should any claim of excludable time by the People be timely communicated to defense counsel. This is especially true when such a claim is grounded on an event within the sole control and knowledge of the prosecutor’s office. Motion practice on the civil side requires all submissions for filing to be on notice to opposing counsel. How much greater the need for written notice in criminal proceedings where personal liberty is at stake!
It is unreasonable to expect defense counsel to be aware of an unnoticed filing, and it would be inequitable not to charge the People with the full adjournment period when, as here, the ADA does not notify the defendant of the filing until the parties appear in court. If the People would have the time after the filing of the corroborating affidavit excluded from 30.30 computation, then the ADA at the time he or she demands an adjournment for such a filing must request the presiding Judge to hold the People not chargeable for the time that elapses between the filing and the adjournment date. The request must be coupled with a representation by the ADA that written notice of the filing to defense counsel will be timely made. Failure to give timely written notice of the filing of a corroborating affidavit will result in the People being charged with the time that runs from the filing to the adjournment date.
In the instant case, the People failed to give notice of filing until the court appearance date and, accordingly, they will be charged with 35 days, from April 17 to May 22.
The second question of chargeable time arises from the parties’ appearance on June 12, 1986. The ADA alleges the People answered ready for trial in the morning but that defendant appeared in the afternoon, by which time the prosecution witness, a police officer, had returned to duty. The notation on the court papers indicates "People ready in morning but case not called till afternoon”.
The court has before it a transcript of what transpired on June 12 in AP-17. The ADA stated then "Although this case is on our ready trial list, and The People were ready this morning, I don’t think the case was called. However, at this time, The People are filing a Voluntary Disclosure Form.” *330 Subsequently, the ADA requested permission to approach the Bench. As a result of a discussion held off the record, the court granted the ADA an adjournment until July 11.
It is clear from the transcript that the ADA did not declare the People ready for trial. Readiness for trial under the Kendzia two-prong test (supra) requires not only a declaration in open court, but a present readiness in fact. That the ADA communicates to the court in the afternoon that the case was ready for trial in the morning is not a declaration of readiness. Such a communication fails to meet both prongs of the Kendzia requirements. Accordingly, the People are charged with 29 days, from June 12 to July 11.
In view of the above discussion, when on September 8, 1986 the People answered ready, 98 days were chargeable to the People. (Thirty-four days of the 98 are not disputed.) This exceeds the statutory limit and the information must be dismissed as a matter of law.
Defendant’s motion is granted.