OPINION OF THE COURT
Jo Ann Ferdinand, J.
Defendant Charlie Rodriguez is charged with reckless endangerment in the second degree (Penal Law § 120.20); leaving the scene of an incident (Vehicle and Traffic Law § 600); driving while intoxicated (Vehicle and Traffic Law § 1192 [3]) *588 and reckless driving (Vehicle and Traffic Law § 1190) — all class A misdemeanors. Defendant has moved pursuant to CPL 170.30 (1) (e) and 30.30 to dismiss the information on the ground that his statutory right to a speedy trial has been violated.
The People are required to answer ready for trial within 90 days of the commencement of a criminal action in which the highest charge is an A misdemeanor. (CPL 30.30 [1] [b].) This action commenced on July 3, 1986, the day the accusatory instrument was filed and defendant was arraigned. (CPL 100.05.) Defendant has alleged that more than 90 days of undue delay elapsed. Thus, the People must demonstrate sufficient excludable time. (People v Berkowitz, 50 NY2d 333 [1980].)
The misdemeanor complaint filed at the arraignment required a corroborating affidavit to be converted to an information.
On October 2, the 91st day after the action commenced, the People answered ready for trial and announced that they had filed the corroborating affidavit with the court clerk on September 22 — the 81st day.
It is uncontroverted that all the time which elapsed before the corroborating affidavit was filed is charged to the People inasmuch as they are required to secure a jurisdictionally valid information. (People v Colon, 59 NY2d 921 [1983].)
The sole issue to be resolved is whether the time from the date the People filed the corroborating affidavit to the date they announced their readiness for trial should be charged to the People for speedy trial purposes.
Defendant contends that the People did not answer ready for trial within 90 days of the commencement of the action and, accordingly, the information must be dismissed pursuant to CPL 30.30 (1) (b). However, the People argue since they filed the corroborating affidavit with the court clerk on the 81st day they are to be charged only until filing.
In August and September of 1986, over 2,000 cases were pending in Part AP-1 of the New York County Criminal Court and in excess of 150 cases were heard each day.* Cases are regularly adjourned for longer periods of time than the parties need to accomplish the specific task which requires the ad *589 journment (i.e., to file a corroborating affidavit or laboratory report). To do otherwise would further clog the already overburdened calendars. As a result, adjournments for the filing of a corroborating affidavit are accompanied by a ruling of this court, and others, that the time is charged to the People for speedy trial purposes "until the corroborating affidavit is filed”. In the instant case, the adjournment of September 4 to October 2 was accompanied by such a ruling and the People filed the corroborating affidavit on September 22.
Where the court announces that the People are only to be charged until filing and the People rely on the court’s ruling and file the corroborating affidavit with the court clerk, the speedy trial clock will stop running. The People have a right to rely on the court’s representation that they would only be charged until filing, and the failure of the court to abide by its statement would result in detrimental reliance. (See, People v Wilson, 119 AD2d 843 [2d Dept 1986].)
Based on the foregoing, the court finds that the People, having filed the corroborating affidavit on the 81st day, are charged until that day. The period from September 22 to October 2 is excluded and as a result, the People answered ready for trial on the 82nd chargeable day. Accordingly, defendant’s motion to dismiss the information is denied.

 For the week ending August 3 there were 1,818 open cases; for the week ending September 7 there were 2,129 open cases; and for the week ending September 21 there were 2,275 open cases.