OPINION OF THE COURT
Alfred Donati, Jr., J.
Defendant is charged with two counts of driving while *506 intoxicated (Vehicle and Traffic Law § 1192 [2], [3] — unclassified misdemeanors punishable by imprisonment of up to one year) and with criminal mischief in the fourth degree (Penal Law § 145.00 — a nondesignated class A misdemeanor). The defendant has moved pursuant to CPL 170.30 (1) (e) to dismiss the information on the ground that he has been denied his statutory right to a speedy trial under CPL 30.30.
Pursuant to CPL 30.30 (1) (b), when a defendant is charged with a crime, which is not a felony, punishable by a sentence of imprisonment of more than three months, the People are required to be ready for trial within 90 days from the commencement of the action. This action commenced on December 17, 1987, the day the accusatory instrument was filed and defendant arraigned. Defendant has alleged that more than 90 days of undue delay have elapsed. Thus, the People must demonstrate sufficient excludable time. (People v Berkowitz, 50 NY2d 333 [1980].)
. CALCULATIONS AS TO CHARGEABLE TIME
The misdemeanor complaint filed at the arraignment required a corroborating affidavit to be converted to an information. Thus the 48-day period from December 17, 1987 until February 3, 1988 is chargeable to the People as the adjournments were for the People to obtain the corroborating affidavit.
On February 3, 1988, the affidavit had not yet been filed and the case was ádjourned with the court placing the parties on notice, and indicating in the court file, that the People would be charged "until filing with service.” The corroborating affidavit was filed on February 16, 1988. The Assistant District Attorney has affirmed that the corroborating affidavit was served on the Legal Aid Society within 10 days of when it was filed, that is, by February 26, and the court accepts that affirmation as fact. As the burden of proving excludable time lies with the People and in accordance with the court’s determination of February 3, 1988, the People are charged with the 10-day period from February 16, 1988 to February 26, 1988, as well as the period prior to service. Accordingly, the 23-day period from February 3, 1988 to February 26, 1988 is charged to the People. The People object to the requirement of service and argue that no time subsequent to filing is chargeable to them. That argument is treated in detail below (see, rationale, infra, at 507-509).
*507 On the next court date, March 9, 1988, a motion schedule was set and in their motion papers both sides agree that all time until June 17, 1988 is excludable with the exception of a six-day period between May 4, 1988 and May 10, 1988, when the People were not ready for a suppression hearing.
On June 17, 1988 the matter was adjourned until July 15, 1988, with the court file indicating that three days would be charged to the People. The minutes of the August 4, 1988 proceedings indicate that the defendant’s attorney now accepts this determination as to chargeability. Thus, three days are charged to the People during this period. Accordingly, the court calculates 80 days are chargeable to the People.
THE RATIONALE FOR THE COURT’S RULING AS TO THE PERIOD BETWEEN FEBRUARY 3 AND MARCH 9, 1988
Since the court’s ruling, that only a period of 23 days between February 3, 1988 and March 9, 1988 are chargeable to the People, is determinative of whether more or less than the applicable 90 days are chargeable, the court now delineates the rationale for that ruling.
Conversion of a complaint to an information is effected by filing a supporting deposition pursuant to CPL 100.20. Even assuming the People’s contention that the language of the pertinent statutes (CPL 170.65 [1]; 100.15, 100.20) does not define service of the deposition as a condition of conversion, such a conclusion would not be determinative of the CPL 30.30 issue, which is addressed to the readiness of the People for trial. While a declaration of readiness is precluded absent conversion to a jurisdictionally sufficient instrument, mere conversion does not constitute a declaration of readiness. (People v Kendzia, 64 NY2d 331 [1985]; People v Arturo, 122 Misc 2d 1058 [Crim Ct, NY County 1984].)
The requisite elements of a declaration of readiness are present readiness and a communication of such readiness by the People, which appear on the trial court record. This requires either a statement of readiness in open court (as to which defense counsel must be notified if he is absent) or written notice to both defense counsel and the court clerk. (People v Kendzia, supra, at 337.) Applying the principle that the CPL 30.30 "clock” cannot be stopped, so to speak, as to readiness, absent communication to the defense, this court considers its requirement that the People communicate to the defense the filing of the corroborating affidavit by service on *508 the defense, in order to maintain a claim of excludable time, to be in harmony with the purpose and thrust of CPL 30.30. (See also, People v Swanson, 133 Misc 2d 327 [Crim Ct, NY County 1986].)
As to the defense contention that the period following filing and serving by the People should not be included because the People did not in fact declare their readiness at that time, it is to be noted that CPL 30.30 time exclusions rest generally on theories of estoppel or waiver. (See, People v Worley, 66 NY2d 523, 528 [1985].) A defense request for or consent to an adjournment constitutes a waiver of the period of delay and the time will not be charged to the People. (People v Worley, supra; People v Meierdiercks, 68 NY2d 613 [1986]; People v Kopciowski, 68 NY2d 615 [1986].) In the instant case defendant failed to object to the fact that the People would be charged only until filing with service. That failure to object constitutes consent to the court’s determination and a waiver of objection thereto. Where defendant does not object to the court’s determination that the time chargeable to the People will be tolled by filing with service of the corroborating affidavit, defendant cannot later assert that the time was not tolled because of the lack of a statement of readiness by the People at the time of service.
Additionally, the People are entitled to rely on a judicial representation regarding excludable time. (People v Wilson, 119 AD2d 843 [2d Dept 1986].) This principle also has been applied when an adjournment was accompanied by a ruling that time was to be charged " 'until the corroborating affidavit is filed’ ” (see, e.g., People v Rodriquez, 134 Misc 2d 587, 589 [Crim Ct, NY County, Jan. 1987]), on the grounds that a failure to do so would have resulted in detrimental reliance by the People.
Moreover, these principles reinforce the court’s conclusion reached earlier herein that the People cannot complain of the requirement of service upon the defense in order to toll chargeable time. The reason for such a conclusion as to the People’s position is also that similar estoppel principles operate in favor of defendant when, as here, the requirement of service on the defense, in order for the People to toll chargeable time, was imposed and made clear at the prior adjournment.
Thus, in the instant case both sides have relied on the judicial representation that time would be tolled upon filing *509 and service; failure to consistently adhere to that ruling would result in detrimental reliance by one side or the other.
Additionally, the exigencies of calendar management in the overburdened All-Purpose Parts of the Criminal Court make it impractical for all adjourned dates for supporting depositions to necessarily correspond with the date of the filing of those documents. Both the Court of Appeals and the Appellate Division, First Department, have acknowledged as a necessary corollary to recognition of calendar congestion the substantial power and discretion vested in trial courts to control their calendars. (People v Douglass, 60 NY2d 194, 200 [1983]; Matter of Morgenthau v Gold, 117 AD2d 386, 390 [1st Dept 1986].) In exercising such discretion, equitable considerations prompt this court not only to shield the People from being charged where their filing occurs prior to the adjourned date but also to prevent defendant from being bound by a filing uncommunicated to the defense. As previously indicated, this court is of the opinion that this approach is consonant with the analysis by the Court of Appeals of the CPL 30.30 (1) readiness requirement and its purpose. (People v Kendzia, supra.)
Thus, of the period between February 3, 1988 and March 9, 1988, 23 days were charged to the People.
CONCLUSION
Consequently, a total of 80 days are properly charged to the People and defendant’s motion to dismiss the information is denied.