OPINION OF THE COURT
Harvey Glasser, J.
Defendant Dionne Sanchez, charged with criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]), moves to dismiss the instant prosecution, pursuant to CPL 170.30 (1) and 30.30 (1) (b), claiming that 95 days of chargeable time have elapsed.
In response, the People claim that only 56 chargeable days have elapsed.
A review of the court file indicates that the defendant was arraigned in AR1 on September 25, 1989, at which time the matter was adjourned to October 4, 1989 in AP3 for the People to file a corroborating affidavit and a ballistics report. This period of nine days is chargeable.
On October 4 again the matter was adjourned, to October 26, 1989, for the People to file a corroborating affidavit and a ballistics report. This period of 22 days is chargeable.
On October 26, the People filed and served a ballistics report. The matter was adjourned to November 22 for the People to file a corroborating affidavit. The court ruled that the People would be charged until the corroborating affidavit was filed and served.
The People claim that they filed the required corroborating affidavit on October 30, 1989 and served a copy by mail to defense counsel the following day. Thus, they contend, that they should only be charged until October 31. As proof of the date of filing, the People point to a court stamp on the corroborating affidavit dated October 30, 1989. As proof of service, the People have appended to their supplemental affirmation a copy of the affidavit bearing a notation by a paralegal from their office that a copy was mailed to defense counsel on October 31, 1989. (Subsequently, pursuant to this court’s directive, the People filed an affidavit of service by the paralegal, Alan Wolf, in which he states that he mailed a copy *459 of the supporting deposition to defense counsel on October 31, 1989. It should be noted that Wolf states in the same affidavit that he filed the supporting deposition with the court on the same date. This second statement appears to be in error.)
Defense counsel does not acknowledge receipt of a copy of the corroborating affidavit. Rather, he contends that the corroborating affidavit was not filed and served until the next court date, November 22. As proof, defense counsel has appended to his reply affirmation a copy of the minutes for the date, in which an Assistant District Attorney (not the assigned one) states that, "At this time the People are filing and serving the [corroborating affidavit] with the Court.”
As explained in People v Rodriguez (134 Misc 2d 587 [Crim Ct, NY County 1987]), due to the great volume of cases in the All Purpose Parts in New York County, ”[c]ases are regularly adjourned for longer periods of time than the parties need to accomplish the specific tasks which requires the adjournment (i.e., to file a corroborating affidavit or laboratory report).” This is done because otherwise the court calendars would be even more congested (supra, at 588-589; accord, People v Hayes, 141 Misc 2d 505, 509 [Crim Ct, NY County 1988] ["(T)he exigencies of calendar management in the overburdened All-Purpose Parts of the Criminal Court make it impractical for all adjourned dates for supporting depositions to necessarily correspond with the date of the filing of those documents”]). Because of these conditions, some Judges, when granting long adjournments for the filing of a corroborating affidavit, rule that the time will be charged to the People until the corroborating affidavit is filed or filed and served. (People v Rodriguez, supra, 134 Misc 2d, at 589.)
In People v Hayes (141 Misc 2d 505 [Crim Ct, NY County 1988], supra) the defendant argued that the time following filing and service of the corroborating affidavit should not be excludable because the People had not declared their readiness for trial. The court held that the defendant’s failure to object to the court’s ruling that the People would only be charged until filing and service constituted a "consent to the court’s determination and a waiver of objection thereto” (supra, at 508). The court further reasoned that "the People are entitled to rely on a judicial representation regarding excludable time” (supra, at 508 [citing People v Wilson, 119 AD2d 843 (2d Dept 1986)]; accord, People v Rodriguez, supra, 134 Misc 2d, at 589 ["The People have a right to rely on the court’s representation that they would only be charged until filing, *460 and the failure of the court to abide by its statement would result in detrimental reliance”]).
However, where the People file a corroborating affidavit off-calendar and fail to notify or serve defense counsel, CPL 30.30 time will not be tolled. (People v Swanson, 133 Misc 2d 327, 329 [Crim Ct, NY County 1986] ["Failure to give timely written notice of the filing of a corroborating affidavit will result in the People being charged with the time that runs from the filing to the adjournment date”].) Just as the People are entitled to rely upon the Judge’s representation that time will be excludable, the defendant is entitled to rely upon the court’s representation that the time will not be tolled until the People serve notice of the filing on the defense. (People v Hayes, supra, 141 Misc 2d, at 508-509.)
The court file has two copies of the corroborating affidavit. The one that was affixed first (documents are affixed in reverse chronological order) is stamped received October 30, 1989. Thus, the People are correct in contending that they filed the corroborating affidavit on October 30; the filing of a second copy by another Assistant District Attorney was superfluous. The issue, which appears to be novel, then becomes when was the defendant served and how should that be determined? Ordinarily, the People serve papers on the defendant in open court. But when the court requires service to toll CPL 30.30 time, and the People notify the defendant by mail, when has that service occurred?
Because the CPL does not address the issue, the court will turn to the CPLR for guidance. CPLR 2103 (b) (2) provides that when papers are served upon an attorney by mail "service by mail shall be complete upon deposit of the paper enclosed in a postpaid properly addressed wrapper, in a post office or official depository under the exclusive care and custody of the United States post office department within the state; where a period of time prescribed by law is measured from the service of a paper and service is by mail, five days shall be added to the prescribed period”.
In civil matters, when a party has challenged service, the courts have held that "[a] properly executed affidavit of service raises a presumption that a proper mailing occurred” (Engel v Lichterman, 62 NY2d 943, 944-945 [1984]). The "mere denial of the receipt” by the party’s attorney will not overcome the presumption of proper service. (Flushing Natl. Bank v Rich-Haven Motor Sales, 123 AD2d 663 [2d Dept 1986]; *461 accord, Nassau Ins. Co. v Murray, 46 NY2d 828, 829-830 [1978]; Colucci v Zeolla, 138 AD2d 286 [1st Dept 1988].)
Accordingly, the court accepts the People’s representation that a copy of the corroborating affidavit was served by mail upon defense counsel. However, in fairness to the defendant, and to be consistent with the court’s decision regarding the time period between December 27, 1989 and January 12, 1990 (see discussion below) the People will be charged an additional five days to allow for receipt of the notification. (See, CPLR 2103 [b] [2].) Thus, a 10-day period, between October 26 and November 5, is chargeable.
On November 22, a motion schedule was set, with the People’s response due December 27, 1989. This period is excludable. (CPL 30.30 [4] [a].)
On December 27, the People failed to respond. The People claim that they did not have a response because defendant’s motions were served five days (or six; accounts are inconsistent in their papers) late.
The defendant counters that his papers were served by mail on December 6, the required date. An affidavit of service appended to the defendant’s reply affirmation states that the motion was mailed by Xiomara Orellana to the People on December 6, 1989. The minutes indicate that defense counsel filed his motion by mail on the same date. The motion was stamped received by the court on December 11,1989.
The matter was adjourned to January 12, 1990 for the People’s response. Although the action sheet bears a notation "late motions (served by mail 12/6)”, the court directed that the time would be chargeable until filed and served. The People concede that they filed their response on the next court date, January 12, 16 days late, but they contend that the time is excludable.
Court notations on the action sheet " 'do not comprise a binding determination as to whether in fact the time span covered by a particular adjournment is to be excluded’ ” (People v O’Neal, 99 AD2d 844, 846 [2d Dept 1984]). Such determinations must be made "following an adversarial proceeding” at which time both sides can fully present their arguments. (People v Berkowitz, 50 NY2d 333, 349 [1980].) This is especially so in the instant matter where both sides have felt the need to submit replies to each other’s arguments and the court notations about what transpired are inconsistent with the markings regarding chargeability of CPL 30.30 time.
*462 This court holds that, just as the People were charged five days for receipt by the defendant of the corroborating affidavit because service was effectuated by mail, the People are similarly entitled to five excludable days to allow for their receipt of the defendant’s motion, also served by mail. (See, CPLR 2103 [b] [2].) (It is interesting to note that the court, which is in the same building as the District Attorney’s office, received the motion papers five days after they were mailed.) Accordingly, 11 of the 16 days are chargeable to the People.
On January 12, 1990, there was a decision from the Bench, and the matter was adjourned to February 13 for a Mapp hearing and trial. This adjournment to prepare for a hearing and trial is excludable. (People v Green, 90 AD2d 705 [1st Dept 1982].)
On February 13, 1990 the People were not ready because the police officer was unavailable. The matter was adjourned to March 19, but the court ruled that the People would only be charged until March 5, the date that they requested. Thus, 20 days are chargeable to the People.
On March 19, the instant motion was submitted for the court’s decision. This period is excludable. (CPL 30.30 [4] [a].)
Thus 72 days are chargeable to the People, a period less than the 90 allowed by CPL 30.30 (1) (b). Accordingly, the defendant’s motion to dismiss is denied.