OPINION OF THE COURT
Rosalyn H. Richter, J.
Defendant is charged with petit larceny under Penal Law *295 § 155.25 and possession of a gambling device under Penal Law § 225.30 (2). He has moved to dismiss the charges on speedy trial grounds. Pursuant to CPL 30.30 (1) (b), the People must be ready for trial within 90 days of the commencement of the action, absent excludable time. The court has reviewed the motion papers, court papers and applicable law and finds as follows:
On June 25, 1994, defendant was arraigned on the misdemeanor complaint and the case was adjourned to June 30, 1994 for a corroborating affidavit. The People concede five days.
On June 30, 1994, the People filed and served a supporting deposition and the case was adjourned for motion practice. This period is excludable. (CPL 30.30 [4] [a].)
On July 28, 1994 the court rendered its decision on defendant’s motion and the case was adjourned to September 1, 1994 for hearings. The People were entitled to a reasonable adjournment to prepare for hearings following the court’s decision on the motions (People v Green, 90 AD2d 705 [1st Dept 1982]). Although the Judge who granted the adjournment indicated that the People were to be charged two weeks or all time if they were not ready on September 1, this court is not bound by that marking. (People v Berkowitz, 50 NY2d 333 [1980].) This court finds the 35-day adjournment to be reasonable and therefore excludable. (See, People v Garrett, 182 AD2d 496 [1st Dept 1992].)
On September 1, 1994, the People were ready for the hearing. Defendant did not appear until 3:15 p.m. and the hearing was adjourned to September 6. This period is excludable.
It is somewhat unclear from the court papers whether the People answered ready on September 1st. The People do not address this issue in their motion papers, but claim that the period between September 1 and September 6 is excludable because a warrant was issued. However, the warrant was vacated later in the day on September 1. Because defense counsel concedes this period is excludable, the court assumes that the People answered ready even though the court papers are difficult to decipher.
On September 6, the People were ready for the hearing, but no parts were available and the case was adjourned to September 29, 1994. This period is excludable. (People v Tavarez, 147 AD2d 355 [1st Dept 1989].)
*296 On September 29, the People answered not ready for the Mapp hearing and the case was adjourned by the court to October 19, 1994. The Judge who granted the adjournment indicated that the People would be charged with one week or all time if not ready on October 19. No minutes have been provided to this court supporting the People’s claim that they requested only a one-week adjournment to be ready for the hearing. Furthermore, there is no indication in the court papers that defendant consented to the adjournment or to this marking. On October 19, 1994, the People answered ready for the hearing.
It is the People’s position that under People v Wilson (119 AD2d 843 [2d Dept 1986]) and People v Hayes (141 Misc 2d 505, 508 [Crim Ct, NY County 1988]), they were entitled to rely on the court’s marking regarding excludable time and that the 13-day period from October 6, 1994 to October 19, 1994 should not be charged because it resulted from court congestion. This court disagrees.
The language in Hayes and Wilson (supra) suggesting that the People may rely on the representation of the Judge granting the adjournment that certain time is excludable appears contrary to recent decisions by the Court of Appeals. In People v Smith (82 NY2d 676 [1993]), for example, the Court rejected the argument that an adjournment sought by the People that is extended by the court beyond the date requested should partially be excluded from speedy trial time. Rather, the Court stated (82 NY2d, supra, at 678): "[t]he People can avoid being charged with prereadiness delay occasioned by court scheduling by filing a certificate of readiness * * * the rule we restate today, which requires the prosecution to file a certificate of readiness or make a statement of readiness in open court, objectively establishes the date on which they can proceed and eliminates the need for a court to determine to whom adjournment delays should be charged.” (Citations omitted.)
Moreover, the reasoning in Hayes (supra) that the defendant’s failure to object to a court marking was tantamount to "consent” seems invalid after People v Liotta (79 NY2d 841, 843 [1992]). In Liotta, the Court of Appeals emphasized that "consent to an adjournment must be clearly expressed by the defendant or defense counsel to relieve the People of the responsibility for that portion of the delay.” (See also, People v Smith, 82 NY2d, supra, at 678 ["(d)efense counsel’s failure to object to the adjournment * * * does not constitute consent”]; *297 People v Cortes, 80 NY2d 201, 214 [1992] ["a mere failure by defense counsel to object to an adjournment does not constitute 'consent’ ”]; People v Chan, NYLJ, Jan. 23, 1995, at 29, col 2 [Crim Ct, NY County].)
In the instant case, the People never filed and served a certificate of readiness. Any representation by the People that they "could be ready” after October 6, 1994 merely conveyed an expectation of future readiness that did not satisfy their obligation under CPL 30.30. (People v Kendzia, 64 NY2d 331 [1985].) Absent a valid statement of present readiness, the People should not have relied on a court marking that was inconsistent with recent Court of Appeals precedent. Accordingly, the court finds the People chargeable with the entire 20-day adjournment.
On October 19, 1994 the hearing was held and the case was adjourned to November 9, 1994 for trial. This period is excludable. (People v Green, 90 AD2d 705, supra.)
On November 9, 1994, the People were not ready and the case was adjourned to December 7, 1994. The People concede 28 days.
On December 7, 1994, the People again were not ready for trial and defendant filed this speedy trial motion.
The court has determined that only 53 days of chargeable time had accrued by the filing of this CPL 30.30 motion. Accordingly, defendant’s motion to dismiss is denied.