◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ROMAN, Appellant. [629 NYS2d 752] —Appeals from judgments, Supreme Court, New York County, rendered after trial on April 27, 1992 (Dorothy Chin Brandt, J.) and upon defendant's plea of guilty on June 11, 1992 (Albert P. Williams, J.), held in abeyance, and the matter remanded to the Supreme Court (Richard D. Carruthers, J.) for a hearing on defendant's motion to dismiss the indictment in the first case (Indictment No. 8122/90) pursuant to CPL 30.30.

Inasmuch as the issue of the People's due diligence in enforcing the bench warrant with regard to the period from July 31 to August 28, 1990 was not dealt with in detail by the parties and not addressed by the court, we are unable to determine on the present record whether the People are entitled to have any or all of this period excluded because of "reasonable administrative delay" or otherwise (*cf., People v Luperon*, 85 NY2d 71, 79, n 2).

Here, unlike in *Luperon*, a hearing was not held, and the People were not afforded a full opportunity to explain, if they can, the reasons for delay. Thus, the prohibition in *Luperon* against two bites at the apple is inapplicable. However, upon remand, the People may not, as they have urged on appeal, rely on a minimum two-week exclusion for warrant processing time, or any other "blanket period." The Court of Appeals has explicitly declined "to adopt a blanket exception for 'reasonable administrative delay' " (*People v Luperon, supra*, at 79).

Finally, inasmuch as the minutes of October 10, 1991 have not been included in the record on appeal, we are also unable to determine the date when the People answered ready for trial and, therefore, the excludability of any or all of the period from November 6 to December 4, 1991, 16 days of which are also at issue. Concur—Rosenberger, J. P., Ellerin, Wallach, Kupferman and Mazzarelli, JJ.