OPINION OF THE COURT
Arlene D. Goldberg, J.
Defendant’s motion to dismiss the accusatory instrument based on a violation of his statutory right to a speedy trial under CPL 30.30 is granted.
The criminal action in this case commenced on July 2, 1994 when a felony complaint was filed charging the defendant with assault in the first degree (Penal Law § 120.10 [1]). Defendant was arraigned on that date and the case adjourned to July 7, 1994 for Grand Jury action. On July 7, 1994, the case was further adjourned to November 1, 1994 for the People to present the matter to a Grand Jury. On November 1, 1994, the accusatory instrument was converted on the People’s motion to a misdemeanor complaint charging the defendant with two *60 counts of assault in the third degree (Penal Law § 120.00 [1], [2]), class A misdemeanors.
The speedy trial time limitation applicable to a criminal action that commences by the filing of a felony complaint which is thereafter converted to a misdemeanor complaint, charging a class A misdemeanor, is 90 days from the date of conversion, or six months from the date the felony complaint was filed, whichever period is shorter. (See, CPL 30.30 [5] [c]; People v Reid, 110 Misc 2d 1083 [Crim Ct, NY County 1981].) In this case, the six-month time limitation is the shorter period. Accordingly, the People were required to announce trial readiness within six months or 184 days from the date the felony complaint was filed on July 2, 1994, absent any excludable time.
The People concede that the 122-day delay that ensued from July 2, 1994 to November 1, 1994 is chargeable to them.
On November 1, 1994, the case was adjourned to November 28, 1994 for the People to obtain a corroborating affidavit. The People concede that this 27-day period is also chargeable to them.
When the People did not have the corroborating affidavit on November 28, 1994, the case was adjourned to January 4, 1995. The People contend that the Judge presiding indicated that they would be charged for CPL 30.30 purposes until they filed and served the corroborating affidavit. Since this was accomplished on December 21, 1994, the People assert that only 23 days of this 37-day adjournment is includable under CPL 30.30.
This claim is rejected inasmuch as the minutes of the November 28, 1994 court proceeding, which are attached hereto, are silent on the issue. Furthermore, the court action sheet that was completed by the adjournment court reflects that the People were to be charged until they filed and served a statement of readiness.
Additionally, even assuming that the adjournment court did apportion the speedy trial time as the People contend, this would not constitute an adequate basis for excluding the 14-day delay that elapsed after the corroborating affidavit was filed and served. Although the cases the People cite, People v Hayes (141 Misc 2d 505, 508 [Crim Ct, NY County 1988]) and People v Wilson (119 AD2d 843 [2d Dept 1986]), did hold that the People are entitled to rely on judicial representations regarding excludable time, subsequent decisions by the Court of Appeals demonstrate that this view is no longer valid in the *61 absence of express consent or request by defense counsel. (See, e.g., People v Smith, 82 NY2d 676 [1993]; People v Liotta, 79 NY2d 841 [1992].)
In this case, the defendant’s attorney did not consent to or request any portion of the adjournment to January 4, 1995. Thus, the People could only stop the speedy trial time clock by announcing their readiness for trial (see, People v Kendzia, 64 NY2d 331 [1985]). Having failed to do this, the People must be charged with the entirety of the delay from November 28, 1994 to January 4, 1995 (37 days).
On January 4, 1995, defendant did not appear in court. The Judge presiding stayed a bench warrant and set a motion schedule. Defense motions were due on January 20, 1995. The case was adjourned to February 6, 1995 for response and decision. This delay is excludable pursuant to CPL 30.30 (4) (a).
Defendant did not appear on February 6, 1995 and defense counsel had yet to file any motions. The bench warrant was issued. Defendant voluntarily returned to court on March 6, 1995, whereupon another motion schedule was set. The case was adjourned to April 3, 1995 for response to defense motions which were to be filed by March 20, 1995. The period from March 6 to April 3, 1995 is excludable pursuant to CPL 30.30 (4) (a).
There was no response by the People on April 3,1995 because defense counsel did not serve her motions until March 29, 1995. This resulted in a further adjournment to May 4, 1995 for response and decision.
The People maintain that the delay between the date the bench warrant was issued and defendant’s return to court (Feb. 6-Mar. 6) should be excluded as a reasonable period to complete the processing of the bench warrant. This contention is untenable in light of the Court of Appeals decision in People v Luperon (85 NY2d 71, 79 [1995]) wherein the Court expressly declined "to adopt a blanket exception for 'reasonable administrative delay.’ ” Pursuant to that decision, the People must show the exercise of due diligence in both the processing and execution of a bench warrant. Accordingly, a hearing must be held to determine if the People are entitled to have any or all of the disputed period excluded because of "reasonable administrative delay” or otherwise. (See, People v Roman, 217 AD2d 494.)
The adjournment from April 3 to May 4, 1995 was caused by defense counsel’s failure to serve motions in a timely manner. I find the entirety of this delay to be excludable as a rea *62 sonable period for the People to respond to those motions. (See, CPL 30.30 [4] [a]; People v Batista, 166 AD2d 278 [1st Dept 1990], lv denied 77 NY2d 836 [1991].)
With respect to the adjournments that occurred after May 4, 1995, the People concede the six-day delay from May 17, 1995 to May 23, 1995, which was occasioned by their failure to be ready for the suppression hearings that had been ordered. Both sides agree that all other periods of delay are excludable.
Based on the foregoing, the includable delay amounts to 192 days. Since this puts the People beyond the 184-day speedy trial time limitation applicable to this matter, it is not necessary to hold a hearing to determine the status of the period during which the bench warrant was outstanding. It is also unnecessary to reach defendant’s constitutional speedy trial claim.
The information is dismissed.